## Richmond

Robert Clark

v.

United Airlines

March 12, 1982.

Record No. 810356.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Barry A. Stiefel (Ashcraft & Gerel,* on brief), for appellant.
*Robert W. Dowler (Mountfort, Furr, Dowler & Jackson,* on brief), for appellee.

PER CURIAM.

Robert Clark sustained an injury on September 24, 1975, during the course of his employment by United Airlines as a line mechanic. While directing a United 727 Jet on a runway at National Airport, the airplane and Clark were struck by lightning. Clark suffered injuries for which he was treated at an area hospital and discharged therefrom on the same day. He was unable to work for eleven days after the occurrence. Apparently Clark missed no further time from work until December 1975, when he missed an additional day because of pain in his knee. Claimant missed only one day in 1976 and lost no time from work during 1977. He claims additional time missed on June 19-20, 1978, and thereafter on various days in October 1978 and during the year 1979.

Clark alleges that during the interim between September 24, 1975, and January 19, 1979, he continued to suffer pain which he attributes to the accident. In June 1976, Clark received treatment at United's clinic and was advised to seek an orthopedic evaluation. This evaluation was done by Dr. Adel L. Antoun on July 1, 1976. Dr. Antoun reported that although Clark related his knee pain to the September 24, 1975 accident, his examination revealed that Clark's condition was "consistent with mild osteoarthritis."

The doctor was uncertain whether Clark's condition was due to the lightning injury.

Clark sought further treatment from Dr. Antoun in December 1978 and June 1979, and also consulted Dr. Stephen M. Levin, an orthopedic specialist. Dr. Levin examined Clark on January 22, 1979, and found that Clark suffered from sciatic nerve irritation. He reported that since "his pain in his right leg started after his injury in 1975 and has been persistent . . . [i]f that is true and documented, we would have to assume that his present pain . . . would be related to that incident." Dr. Levin also noted that Clark had sustained a wound in his right foot in World War II which left him with a permanent impairment, and that he also had arthritic complaints in his knees which were probably unrelated to the September 24, 1975 injury.

The accident was reported by United to its compensation carrier but not to the Industrial Commission. Medical treatment was provided Clark by United at its airline clinic, and the company paid Dr. Antoun's charges for the examination he made of claimant on July 1, 1976. United paid claimant his full wages for the days he lost from work. The employer contends that the wages were paid pursuant to its union contract under which the employer is required to pay full wages to an employee who claims he missed work as the result of an occupational injury.

No claim was filed by Clark until February 9, 1979, when he requested the Industrial Commission to grant him a hearing because of United's refusal to continue to pay his medical expenses. United defended Clark's application upon the ground, *inter alia,* that his claim was barred by the two-year limitation period prescribed in Code § 65.1-87.*

Clark's communication to the Commission in February 1979 was the first notice it had of the accident. Clark testified that he did not file a claim because he "figured everything was being taken care of." The Commission denied Clark's claim, finding that the last date for which the claimant was paid "salary in lieu of compensation" was in December 1975, and that the time limitation for filing his claim expired on December 2, 1977. The Commission noted that "the medical evidence is in conflict as to whether or not the claimant's arthritic condition may have been

---

\* Code § 65.1-87 provides, in pertinent part:
    The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident. . . .

caused or aggravated by the electrical shock on September 24, 1975." It found that claimant's absence from work on July 1, 1976, was not due to the September 24, 1975 accident.

Our decision here is controlled by *Stuart Circle Hosp.* v. *Alderson,* 223 Va. 205, 228 S.E.2d 445 (1982), (this day decided). There, we held that the voluntary payment of medical bills by a carrier did not operate as a matter of law to toll the two-year limitation provided by Code § 65.1-87, or to estop the employer and carrier from availing themselves of the benefit of the statute. In the case under review, as in *Alderson,* there is no evidence of fraud or concealment by the employer or its carrier or that they committed any act which was reasonably calculated to induce or did in fact induce Clark to refrain from timely filing his claim with the Industrial Commission. We accordingly hold that the fact that United voluntarily paid Clark his full wages for eleven days following the injury and for one day in 1976, and also voluntarily provided certain medical services, did not operate as a matter of law to toll the two-year statute of limitations or to estop United or its carrier from availing themselves of the limitation provided by Code § 65.1-87. Clark did not file his claim within two years after the accident, and therefore the Commission was without jurisdiction.

The judgment of the Commission dismissing appellant's claim will be affirmed, the result reached being consistent with the views expressed here and in *Alderson.*

*Affirmed.*