## Richmond

### Stuart Circle Hospital and Aetna Casualty & Surety Company

### v.

### Nancy S. Alderson

March 12, 1982.

Record No. 810727.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Richard Cullen (McGuire, Woods & Battle,* on brief), for appellants.

*Pro se.*

PER CURIAM.

The sole issue here is whether the Industrial Commission erred in holding that the voluntary payment by an employer of medical expenses incurred by an employee who sustained an industrial accident estops the employer from relying upon the two-year statute of limitations found in Code § 65.1-87.*

Nancy S. Alderson, a nursing assistant, suffered an industrial accident on March 28, 1977, when struck by the handle of a door being opened by another Stuart Circle Hospital employee. She ap-

---

* § 65.1-87. **Time for filing claim.** — The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident. . . .

parently lost no time from work because of the injury but did receive medical treatment. All medical expenses incurred by the claimant for a period of approximately three years from the date of accident were paid by Aetna Casualty & Surety Company, the hospital's compensation carrier. In 1980, when Alderson sought treatment at the pain clinic of MCV Hospital, Aetna declined to pay any further medical expenses incurred by claimant, upon the ground that she had failed to file a claim with the Industrial Commission within the two-year limitation period prescribed by Code § 65.1-87, and that the claimed expenses were unrelated to her alleged March 28, 1977 injury. This action by the carrier resulted in the filing of a claim by Alderson on September 25, 1980.

The law which controls our decision here has been often stated and is well settled. In *Binswanger Glass Co.* v. *Wallace,* 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973), we said: "The language of § 65.1-87, relating to the filing of an original claim, is clear. It deals with the right to compensation under the Workmen's Compensation Act, and the same statute which gives the right provides that the right shall be forever barred unless exercised within a year [now two years]." In *Coal Company* v. *Pannell,* 203 Va. 49, 122 S.E.2d 666 (1961), we decided that a claimant under this Act must show that his original claim was timely filed, for such filing within the statutory period is jurisdictional. In *Winston* v. *City of Richmond,* 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954), we pointed out that the right to compensation under the Act was granted by statute and that in giving the right the legislature had the full power to prescribe the time and manner of its exercise.

In *Shawley* v. *Shea-Ball,* 216 Va. 442, 219 S.E.2d 849 (1975), we discussed the logic for treating the limitation prescribed in Code § 65.1-87 as jurisdictional. And in *Barksdale* v. *H. O. Engen, Inc.,* 218 Va. 496, 237 S.E.2d 794 (1977), we again reviewed the numerous cases holding the limitation to be jurisdictional, and added:

> Although we acknowledge that the Workmen's Compensation Act should be liberally construed in favor of the workman, we must necessarily conclude that in this case the provisions of the statute inextricably bind the remedy to the right of recovery. Accordingly, we hold that the contractual obligations of the employer and the employee and the em-

ployee's substantive right to recover were fixed at the time of Barksdale's injury. . . .

*Id.* at 499, 237 S.E.2d at 796-97.

We decided in *Barksdale* that a claim filed under the Act more than one year after injury was barred although the time for filing such claim had been increased to two years after the injury occurred.

■ Appellee argues that by the voluntary payment of claimant's medical bills for a period of nearly three years, appellants waived their right to rely upon the two-year limitation period. She further says that had the employer and its carrier advised the Industrial Commission of carrier's payment of medical bills, the Commission would have notified appellee of the time limitation period in which she had to file a claim under the Act. She contends that the payment of these bills gave her a false sense of security and that, while such payment may not have been made by the carrier with intent to deceive, it did in fact constitute constructive fraud.

We find no evidence of fraud or concealment by appellants, or that they made any representation to Alderson or committed any act which was reasonably calculated to induce or did in fact induce her to refrain from filing her claim with the Industrial Commission within two years from the date of her injury. In fact, Alderson testified that "nobody didn't advise me not to [file a claim] but nobody advised me to [file a claim]." Her only explanation was that she had been told by a fellow employee that somebody from Aetna had said that she had filed everything that she had to. Claimant said that she was relying upon her employer or Aetna to tell her what to do and that if she had known she was supposed to have filed something she would have done so. This evidence does not establish actual or constructive fraud. Neither does it show any false representation or concealment of a material fact by appellants with the intention that the claimant rely and act upon it. *Boykins Corp. v. Weldon, Inc.,* 221 Va. 81, 266 S.E.2d 887 (1980).

■ The fact that the employer here regarded its filing in 1977 with the Industrial Commission of a notice of the accident as a filing of the initial claim is not sufficient to vest the Industrial Commission with jurisdiction to hear the case. Jurisdiction in this case cannot be conferred on the Commission by consent. The

Commission obtains jurisdiction of a compensation claim when "a claim be filed" within two years after the accident. Alderson's claim was not so filed. The payment of medical bills by the carrier did not operate as a matter of law to toll the two-year statute of limitations, or to estop appellants from availing themselves of the benefit of the limitation provided by Code § 65.1-87.

We therefore reverse the award and dismiss the claim.

*Reversed and dismissed.*