## Norfolk

RONALD E. BOWDEN

v.

## NEWPORT NEWS SHIPBUILDING & DRY DOCK COMPANY

No. 0780-89-1

Decided February 26, 1991

684

COUNSEL

John H. Klein (Rutter & Montagna, on brief), for appellant.

William C. Bell (Antje E. Huck, on brief), for appellee.

OPINION

**BAKER, J.**—Ronald E. Bowden (claimant) appeals from a decision of the Industrial Commission of Virginia (commission) which denied his claim for workers' compensation benefits for injuries received during the course of his employment with Newport News Shipbuilding & Dry Dock Company (employer). The commission ruled that his claim was time barred by the provisions of Code § 65.1-87. Claimant asserts that because he received compensation for his injury from employer between October 1984 and April 1987, Code § 65.1-87.1 tolled the limitation provision of Code § 65.1-87, and thus his application for benefits was timely filed. In addition, citing Code § 65.1-124, he avers that because employer failed to file a first report of the accident with the commission until after he applied to the commission for workers' compensation benefits for his injury, the employer cannot assert the limitation provision of Code § 65.1-87 as a bar to his claim. A brief

statement of the facts is necessary to bring the issues into focus.

On October 11, 1984, claimant sustained a work-related injury while engaged in maritime employment. Because of that injury he was eligible to receive benefits as provided by the Virginia Workers' Compensation Act (Virginia Act) and the Longshore and Harbor Workers' Compensation Act (Federal Act). *See Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715 (1980); *American Original Foods, Inc. v. Ford,* 221 Va. 557, 272 S.E.2d 187 (1980). Employer promptly filed all documents required by the Federal Act, copies of which were sent to claimant. Employer failed to file any report of the injury as required by the Virginia Act until March 26, 1988, approximately three months after claimant made his first application to the commission seeking benefits for his October 1984 injury.

From October 1984 to April 1987, employer voluntarily made all payments due claimant under the Federal Act and, on April 17, 1987, paid claimant a lump sum for his proved permanent partial disability which resulted from the injury. After making the lump sum payment employer refused to make any further payments to claimant.[1]

In December 1987 and February 1988, claimant applied to the commission for benefits he asserted were due under the Virginia Act as a result of his October 1984 injury. Thereafter, on March 26, 1988, employer filed its first report of the injury with the commission. The commission held that because claimant did not file his claim with the commission within two years after the accident he was time barred by the provisions of Code § 65.1-87, the applicable portion of which provides:

The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident.

Claimant first asserts that the limitation provision of Code § 65.1-87 cannot be used to bar his claim for benefits under the Virginia Act because employer failed to file a first report of injury as directed by Code § 65.1-124, as a result of which, he argues, he

---

[1] The record does not disclose whether claimant would have been entitled to any further benefits under the Federal Act.

did not receive the Workers' Compensation Guide for Employees required by Code § 65.1-22. In support of his argument claimant relies on *National Linen Service v. McGuinn*, 5 Va. App. 265, 362 S.E.2d 187 (1987). That case arose from the employer's failure to execute a memorandum of agreement and file the same with the commission after reaching an oral agreement with the employee, and making payments pursuant thereto. This Court held that the employer's default misled the employee to his prejudice.

The facts in the case before us are more comparable to those disclosed by *Stuart Circle Hospital v. Alderson*, 223 Va. 205, 288 S.E.2d 445 (1982). Substantially the same arguments presented by claimant before us were made by the employee in *Stuart Circle Hospital*. The Supreme Court of Virginia, citing *Binswanger Glass Co. v. Wallace*, 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973), held that the statutes that establish the time limits by which a claim must be made are jurisdictional and must be complied with or the claim will be forever barred. *Stuart Circle Hospital*, 223 Va. at 207, 288 S.E.2d at 446. In *Stuart Circle Hospital*, the claimant advanced the following argument:

> Appellee argues that by the voluntary payment of claimant's medical bills for a period of nearly three years, appellants *waived* their right to rely upon the two-year limitation period. She further says that had the employer and its carrier advised the Industrial Commission of the carrier's payment of medical bills, the Commission would have notified appellee of the time limitation period in which she had to file a claim under the Act. She contends that the payment of these bills gave her a false sense of security and that, while such payment may not have been made by the carrier with intent to deceive, it did in fact constitute constructive fraud.

*Id.* at 208, 288 S.E.2d at 446 (emphasis added). The Court held that since there was no evidence of fraud or concealment by the employer and no act which was reasonably calculated to induce or did in fact induce the claimant to refrain from filing her claim with the Industrial Commission within two years from the date of her injury, the claim was barred. Here, we find nothing in the record from which it reasonably could be inferred that the employer was guilty of any misconduct which misled the claimant to his detriment. The fact that the employer voluntarily paid the

benefits to the employee following injury does not as a matter of law operate to toll the statute of limitation or estop the employer from availing itself of the limitation provided by Code § 65.1-87. *Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442-43 (1982).

■ Subsequent to the decisions in *Clark* and *Stuart Circle Hospital*, the General Assembly enacted Code § 65.1-87.1 which, in the limited circumstances prescribed therein, operates to toll the limitations contained in Code § 65.1-87. Claimant argues that the payments he received pursuant to the Federal Act were "compensation" within the meaning of Code § 65.1-87.1 and, therefore, because his application for benefits under the Virginia Act was filed within two years of his last payment under the Federal Act, his Virginia application was timely filed. At the time of these proceedings, Code § 65.1-87.1,[2] in relevant part, provided:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.1-85, and *although no award has been entered*, such employer nevertheless has paid compensation to such employee during incapacity for work resulting from such injury, and such conduct of the employer *has operated to prejudice the rights of such employee with respect to the filing of a claim* prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment.

(emphasis added). We disagree with claimant's assertions. *Clark* and *Stuart Circle Hospital* held that payments voluntarily made do not constitute conduct which operates to prejudice a claimant's right to make application for benefits. We hold that the phrase "and although no award has been entered" as used in Code § 65.1-87.1 evinces a legislative intent that the word "compensation" applies to cases where payments are made in lieu of an award to which the employee would be entitled under the Virginia Act. Here, no such payments were made by employer.

■ Moreover, in the Virginia Act (Code §§ 65.1-1 to 65.1-82) a separate chapter[3] is assigned to compensation entitlements.

---

[2] Amended in 1989.

[3] *See* Chapter 5, Code §§ 65.1-54 to 65.1-82, inclusive.

These statutes reference only compensation paid pursuant to the Virginia Act. While some of the code provisions in Chapter 5 use the phrase "under this act" (*see, e.g.*, Code §§ 65.1-71 and 65.1-82), most of the code provisions contained in that chapter refer to compensation without the addition of the words "under the act." We find nothing in Code § 65.1-87.1 to indicate that the legislature intended the term "compensation" to apply to payments other than those mandated by Chapter 5, i.e., lost wages or a percentage thereof paid in lieu of an award by the commission. The lack of an expressed contrary intent is evidence of the legislature's intent not to broaden the statute to include payments made outside the requirements of the Virginia Act. While the provisions of the Virginia Act are to be liberally construed to see that its benefits are awarded to injured employees, that principle does not authorize the courts to amend, alter or extend its provisions, nor does it require that every claim asserted be allowed. *Van Geuder v. Commonwealth*, 192 Va. 548, 553, 65 S.E.2d 565, 568 (1951); *Humphries v. Newport News Shipbuilding & Dry Dock Co.*, 183 Va. 466, 479, 32 S.E.2d 689, 695 (1945).

■ In our view, if the legislature had intended the word "compensation" to include sources other than payments made because of the Virginia Act it would have shown that intent by clear language. The liberal construction to be given the Virginia Act "does not include a power of the courts to enlarge the limitations therein expressly set out," *Commonwealth v. Granger*, 188 Va. 502, 510, 50 S.E.2d 390, 394 (1948), and we decline the invitation to do so.

For the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.