**Richmond**

NABISCO BRANDS, INC., et al.

v.

JIL D. JONES

No. 1981-90-2

Decided July 30, 1991

Counsel

P. Dawn Bishop (William Orr Smith and Associates, on brief), for appellant.

Thomas J. Schilling (Press, Culler, Jones, Waechter & Stoneburner, on brief), for appellee.

Opinion

**ELDER, J.**—Nabisco Brands, Inc. and Travelers Insurance Co. (collectively, "the employer") appeal from a decision of the Industrial Commission awarding Jil D. Jones temporary total disability benefits for the period January 16-23, 1989. On appeal, the employer contends that Jones' change in condition application was barred under: (1) Code § 65.1-99 because the application was not filed within two years of the last date of payment pursuant to an award; and (2) Industrial Commission Rule 13(B) because it was filed more than ninety days after the last day of claimed absence

from work. We affirm.

Jones worked as a floor attendant for Nabisco at an average weekly wage of $414.47. She sustained a compensable back injury on April 22, 1986. She first returned to work on May 28, 1986, and was subsequently absent from work on five occasions while participating in a follow-up program for additional medical treatment. On these occasions, she received time-loss slips at the program and gave them to the nurse at Nabisco. The nurse would send the slips to Travelers, and Travelers sent a check to Nabisco. Travelers also sent Jones Memorandum of Agreement and Agreed Statement of Fact forms. Jones signed these forms and the commission entered awards. Jones was last paid pursuant to an award on April 3, 1987.

Subsequently, Jones was given the following instructions:

In late 1988, I was called in the personnel office at Nabisco and talked to the personnel manager concerning my missed time because of my back injury; therefore, the nurse that was in the office at the time informed me that whenever I missed time for my back injury I was supposed to call in, let Nabisco know that it was for my workmen's comp injury, go see my doctor, get a slip, bring the slip back to Nabisco, and that Nabisco would send it to Travelers and I would have been compensated for it.

Jones missed work from January 16-23, 1989. Dr. Michael K. Kyles, her treating physician, gave her a time-loss slip which she gave to her employer. Jones believed that the payment procedure would work just like it had in the past. On March 7, 1989, a Travelers representative wrote Dr. Kyles asking him to determine if this absence was due to the injury. Jones received a copy of this letter and believed that Travelers was merely waiting for records from Dr. Kyles before she could be paid. However, on July 28, 1989, a Travelers claim supervisor wrote Jones and stated that the statute of limitations had run and her claim would not be honored.

Jones filed an application for change in condition on March 14, 1990, seeking temporary total disability benefits for January 16-23, 1989 and for April 5, 1989. The employer contended that the application was barred under: (1) Code § 65.1-99 because the application was not filed within two years of the last date of pay-

ment; and (2) under Industrial Commission Rule 13(B) because the application was filed more than ninety days after the last date of claimed absence from work. Jones asserted that the employer was estopped from asserting Code § 65.1-99.

The deputy commissioner found that the January 1989 absence was causally connected to the industrial accident, but the April 5, 1989 absence was not. Thus, the sole question was whether the employer was estopped from asserting the statute of limitations. The deputy commissioner found that Jones "failed to meet her burden of proving fraud, misrepresentation, or other activity on part of the employer calculated to mislead her from pursuing her rights under the Workers' Compensation Act." Therefore, her change in condition application was dismissed.

The full commission reversed, finding that the evidence showed a course of action by the employer which induced Jones not to file her application until after the statute of limitations had run. Specifically, the commission noted a series of instances in which Jones was reimbursed for time loss. On each of these occasions, the employer forwarded evidence to the insurance carrier resulting in compensation awards and payments. This mechanism was triggered by presentation of the time-loss slips. The commission found that Jones had reason to believe that this same procedure would be followed regarding the January 1989 absences. The commission stated:

> We also find that the employee's unrebutted testimony supports her contention that the conduct of the employer induced her to follow the same practices which resulted in her obtaining compensation for previous periods of loss.

> The court in *Clark v. United Airlines*, 223 Va. 197, 288 S.E.2d 441 (1982), and *Stuart Circle Hosp. v. Alderson*, 223 Va. 205, 288 S.E.2d 445 (1982), found that mere payment of benefits for medical care and lost time was insufficient, in itself, to constitute fraud or inducement to the employee to rely upon payments in order to invoke estoppel. The facts in the case before us supply the missing elements of inducement and reliance.

The commission further found that Rule 13(B) was "not effective in this case, since the facts would indicate a timely filing

when the employee submitted her time-loss slip to the employer."

We first address whether the employer was estopped from asserting Code § 65.1-99. This section provides:

Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded. . . . *No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act.* (emphasis added).

Here, Jones was last paid compensation on April 3, 1987. A change in condition application was not filed until March 14, 1990. Therefore, this application came too late unless the employer was estopped from asserting the statute of limitations.

This Court has stated:

Where it is alleged that an employer should be estopped from reliance on the statute of limitations, the Supreme Court has looked to whether there is "evidence of fraud or concealment by the employer or its carrier or that they committed any act which was reasonably calculated to induce or did in fact induce [the employee] to refrain from timely filing his claim with the Industrial Commission."

*Garcia v. Mantech Int'l Corp.*, 2 Va. App. 749, 755, 347 S.E.2d 548, 552 (1986) (*citing Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442 (1982)); *see also Stuart Circle Hosp. v. Alderson*, 223 Va. 205, 208, 288 S.E.2d 445, 446-47 (1982); *Sparrer v. Commonwealth*, 9 Va. App. 251, 252-53, 385 S.E.2d 908, 909 (1989); *Harrison v. K-Mart Apparel Corp.*, 63 O.I.C. 174, 177-78 (1984).

██ Jones asserts that the employer's representations concerning the method of obtaining payment induced her to refrain from timely filing an application. "In the absence of fraud, elements necessary to establish an equitable estoppel are a representation, reliance, a change in position, and detriment." *Rucker v. Thrift Transfer, Inc.*, 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986);

*see also NPA v. WBA*, 8 Va. App. 246, 253, 380 S.E.2d 178, 182 (1989).

█ It is well established that the voluntary payment of compensation or disability benefits by an employer does not estop the employer from asserting the statute of limitations. *Clark*, 223 Va. at 200, 288 S.E.2d at 442; *Alderson*, 223 Va. at 208, 288 S.E.2d at 446-47. In *Clark*, the employee did not file a claim because he "figured everything was being taken care of." 223 Va. at 199, 288 S.E.2d at 442. In *Alderson*, the employee alleged that the employer's payment of her medical bill gave her "a false sense of security" and that she was relying on her employer to tell her what to do. She testified that "nobody didn't advise me not to [file a claim] but nobody advised me to [file a claim]." 223 Va. at 208, 288 S.E.2d at 447.

█ Here, the employer did more than pay wages and medical benefits. The nurse told Jones to bring her time-loss slips to Nabisco, that Nabisco would then send it to Travelers, and Jones would be compensated. Jones followed this procedure for the January 16-23 absences as she had done in the past. Her expectation was that payment would occur as it had in the past. This expectation was reinforced by the March 7, 1989 letter from Travelers to Dr. Kyles. The combined effect of the nurse's statement and the letter was to induce Jones not to timely file an application. The commission found that the facts in this case supplied the elements of inducement and reliance. Upon appellate review, the findings of fact made by the Industrial Commission will be upheld when supported by credible evidence. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Therefore, the employer is estopped from asserting Code § 65.1-99.

█ The employer also asserts that the application is barred by Industrial Commission Rule 13(B). This rule provides, in part, that "[n]o additional compensation may be awarded more that ninety days prior to the filing of an application." Under this rule, if the application is filed more than ninety days after the last date for which the employee seeks compensation, an award will not be entered. This rule "encourages prompt application for benefits and provides a basis for early determination of the merits of a claim. Further, it serves to deter dilatory filing of a claim." *Whitten v. Mead Paperboard Prods.*, 4 Va. App. 182, 185, 355 S.E.2d 349, 350 (1987) (quoting *McCahill v. Montgomery Ward & Co.*, 64

O.I.C. 213, 216 (1985)).

Jones sought compensation for January 16-23, 1989 and for April 5, 1989. Jones did not file her application with the commission until March 14, 1990. However, the commission found that Rule 13(B) was "not effective in this case, since the facts would indicate a timely filing when the employee submitted her time-loss slip to the employer."

This Court's review of this finding "is limited to a determination whether the commission's interpretation of its own rule was reasonable." *Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989). We hold that the commission's interpretation is unreasonable because: (1) the time-loss slip was not an "application" as used in Code § 65.1-99; and (2) the time-loss slip was not "filed" as defined by Code § 65.1-2.1.

"The submission of a standardized, uniform award review application, although preferable and more conducive to the orderly administration and disposition of workmen's compensation claims, is not a prerequisite for compliance with Code § 65.1-99." *Reese v. Wampler Foods, Inc.*, 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981). However, under Rule 13, the application must state the "change in condition relied upon." *Central Virginia Training Ctr. v. Martin*, 2 Va. App. 188, 192, 342 S.E.2d 652, 654 (1986). The time-loss slip did not satisfy this requirement.

Code § 65.1-2.1 defines "filed" as "hand delivered to the Commission's office in Richmond or any regional office maintained by the Commission; sent by the telegraph, electronic mail or facsimile transmission; or posted at any post office . . . by certified or registered mail." A time-loss slip given to the employer does not meet the definition. Therefore, the commission's interpretation was not reasonable and is not binding on this court.

"The Commission must abide by its own rules unless it can be found that the defendants by their actions have either waived the provisions of Rule 13 or that they are estopped from taking advantage of it by their actions." *Freeman v. Phillip Morris Inc.*, 62 O.I.C. 175, 178 (1983). Here, the same actions that estopped the employer from asserting Code § 65.1-99 also estop the employer from asserting Rule 13(B).

Accordingly, since the employer is estopped from asserting Code § 65.1-99 and Rule 13(B), the decision of the commission is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.