## Richmond

ERNEST J. CIBULA

v.

ALLIED FIBERS & PLASTICS AND
TRAVELERS INDEMNITY COMPANY

No. 1575-91-2

Decided April 14, 1992

320

COUNSEL

James J. Vergara, Jr. (John F. Roberts; Vergara & Associates, on brief), for appellant.

S. Vernon Priddy, III (Mary Louise Kramer; Sands, Anderson, Marks & Miller, on brief), for appellee.

OPINION

**BENTON, J.**—Ernest J. Cibula appeals from a denial of workers' compensation benefits and argues that Allied Fibers & Plastics is estopped by its conduct from asserting the two year limitations period contained in Code § 65.1-87 (now Code § 65.2-601).[1] For the reasons that follow, we reverse the commission's decision.

---

[1] Code § 65.1-87 provided in relevant part that:
The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident.

I.

On February 17, 1988, Cibula injured his back and shoulder while lifting packages at work. After reporting the accident to his foreman and receiving treatment at the on-site medical clinic, Cibula was placed on light duty status. Cibula did not lose any time from work, but he was unable to perform his regular job for several months. During this period, Cibula received additional medical treatment from a physician whom he chose from Allied's panel of physicians.

Allied filed its First Report of Accident with the commission on April 6, 1988 and paid Cibula's medical bills until May 23, 1990. By letter dated May 23, 1990, Travelers Indemnity Company, Allied's insurer, informed Cibula it was terminating payments since no award had been entered by the commission and the two year statute of limitations had expired. Cibula requested a hearing before the commission.

At the evidentiary hearing, Franklin Emerson, a safety engineer employed by Allied, testified that he met with Cibula on "numerous occasions" in connection with Emerson's duties of "monitor[ing] or supervis[ing] worker[s'] comp[ensation] procedures . . . and claims." During the course of Cibula's treatment, Emerson assured Cibula that the workers' compensation insurer would pay his injury-related expenses. He also told Cibula: "I had filed all the proper papers, turned into Travelers' Insurance, and *that his claim was turned into the Industrial Commission.*" (emphasis added). Emerson further testified that when Cibula asked Emerson what he needed to do:

I told him that if he had bills, . . . to bring me the bills or bring me the receipts, mileage, prescriptions, and that would be taken care of. I would send that to Travelers and they in turn would take care of his bills and mail him checks.

When asked if he had known he was required to file a claim with the commission, Cibula responded, "I just figured that when [Emerson] told me it would be taken care of, it was taken care of."

Cibula and his wife both testified that prior to June 1990, they had never received a "Blue Letter" nor a "Guide for Employees"

from the commission notifying Cibula that he was required to file a claim. Only after Cibula's claim was denied in June 1990 and his wife sought information from the commission did an employee of the commission send a copy of the documents. Cibula and his wife also testified that they kept thorough records documenting his injury and treatments. Upon this testimony, the deputy commissioner found that Cibula did not receive the notice specified in Code § 65.1-87.1 (now Code § 65.2-602).[2] The deputy commissioner ruled that the two year statute of limitations had been tolled (1) because Allied's conduct "operated to prejudice the rights" of Cibula when Emerson assured Cibula that he needed to do nothing except turn in his expense statements and (2) because Cibula never received the requisite statutory notice.

On review, the commission reversed the award of benefits to Cibula. The commission ruled that Code § 65.1-87.1 would not toll the limitation of Code § 65.1-87 for a sufficient period to save Cibula's claim because the "tolling provisions could apply in this case only for so long as the employee was disabled; that is, through April 6, 1988." The commission also ruled that the evidence failed to establish a basis to invoke the doctrine of equitable estoppel. On this appeal, Cibula asserts only that Allied is equitably estopped from asserting that his claim is time barred.

## II.

■ Allied asserts that this Court does not have jurisdiction to hear Cibula's appeal because Cibula's assignment of cross-error concerning the deputy's failure to find equitable estoppel was not timely filed with the commission. Under the commission's rules,

---

[2] Code § 65.1-87.1 read in relevant part:

In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by 65.1-85 and whether or not an award has been entered, such employer nevertheless has paid compensation or wages to such employee during incapacity for work as defined in § 65.1-54 or 65.1-55, resulting from such injury, and such conduct of the employer has operated to prejudice the rights of such employee with respect to filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by 65.1-124 or he has received after the accident a workers' compensation guide described in 65.1-22 or a notice[.] . . . Such notice shall also include the address and telephone number which the employee may use to contact the Commission.

an appeal of the deputy commissioner's decision must be filed with the clerk of the commission within twenty days of the deputy commissioner's decision. Rule 2(A).[3] An application for review is filed if:

> hand delivered to the Commission's office . . .; sent by telegraph, electronic mail or facsimile transmission; or posted at any post office of the United States Postal Service by certified or registered mail. Filing by first class mail, telegraph, electronic mail or facsimile transmission shall be deemed completed only when the application actually reaches a Commission office.

Code § 65.1-2.1.

In a letter to the commission, dated February 13, 1991, and filed February 15, 1991, Cibula assigned as cross-error the issue that the commission decided and that we are asked to address. The record contains no indication that Allied objected to the commission's consideration of the cross-appeal or asserted that Cibula's letter was not sent to the commission by certified or registered mail. Under the statute, if the letter had been sent by registered or certified mail it would be considered filed on the date it was sent. *Id.*

The commission reviewed the deputy commissioner's decision "on the record with an opportunity to the parties to submit written statements rather than having oral argument." Allied's memorandum of law, filed on June 17, 1991, contains no assertion that Cibula's cross-appeal was not properly before the commission. Indeed, it is clear from the record that Cibula, Allied, and the commission treated Cibula's assignment of cross-error as a sufficient and timely application for review. Because Allied raises this issue for the first time in its brief on appeal to this Court, we are precluded from considering this issue. Rule 5A:18.

---

[3] Rule 2(A) provides:

Within twenty (20) days from the date of decision or award by a hearing Commissioner or Deputy Commissioner or award by the Claims Division, a party may file a request for review by the Full Commission of such decision or award. A request for review must be in writing and must be filed with the Clerk of the Commission (§ 65.1-97 and § 65.1-2.1 Code of Virginia). A request for review should specify each determination of fact or law to which exception is taken. A copy of the request for review must be furnished to the opposing party.

## III.

■ The commission found that the evidence failed to meet the "rigid standards" necessary to establish a misrepresentation sufficient to give rise to a finding of equitable estoppel. This appeal does not present a case of conflicting evidence or a dispute concerning the commission's findings of fact. When the issue is the sufficiency of the evidence and there is no conflict in the evidence, the issue is purely a question of law. *Johnson v. City of Clifton Forge*, 7 Va. App. 538, 547, 375 S.E.2d 540, 546 (1989), *on reh'g*, 9 Va. App. 376, 388 S.E.2d 654 (1990) (quoting *Payne v. Master Roofing & Siding, Inc.*, 1 Va. App. 413, 414, 339 S.E.2d 559, 560 (1986)). This Court is not bound by the legal determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached." *City of Norfolk v. Bennett*, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965).

■ An employer's voluntary payment of an injured employee's medical bills does not estop the employer from invoking the statute of limitations of Code § 65.1-87 (now Code § 65.2-601). *Stuart Circle Hosp. v. Alderson*, 223 Va. 205, 208, 288 S.E.2d 445, 447 (1982). Relying upon *Stuart Circle*, the commission concluded that Cibula was required to prove "a false representation or concealment of material facts" or an "intent [by Allied] to have [Cibula] act upon the misrepresentation or concealment." However, in *Stuart Circle*, the Supreme Court's decision to reverse the commission's award to the employee was reached in the absence of any:

> evidence of fraud or concealment by [the employer], or that they *made any representation* to [the employee] *or committed any act which* was reasonably calculated to induce or *did in fact induce* [the employee] to refrain from filing [a] claim with the Industrial Commission within two years from the date of injury.

*Id*. at 208, 288 S.E.2d at 446-47 (emphasis added).

■ Cibula does not allege fraud or deception. He argues that proof of a representation, reliance, change of position, and detriment is sufficient to establish equitable estoppel. *See T. . . v. T. . .*, 216 Va. 867, 873, 224 S.E.2d 148, 152 (1976); *Nabisco Brands, Inc. v. Jones*, 12 Va. App. 1028, 1032, 407 S.E.2d 919,

921 (1991); *Rucker v. Thrift Transfer, Inc.*, 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986). We agree. *Stuart Circle* does not require proof that the representation be false or that the employer intend to induce reliance. The employee's case is made if the "representation . . . did in fact induce the [employee] to refrain from filing." 223 Va. at 208, 288 S.E.2d at 446. *See also City of Salem v. Colegrove*, 228 Va. 290, 295, 321 S.E.2d 654, 656-57 (1984).[4]

In applying the evidence, we are guided by the principle that "[w]here a party seeks to invoke the doctrine of estoppel, [that party] has the burden of proving it by clear, precise and unequivocal evidence." *Rose v. Red's Hitch & Trailer Serv.*, 11 Va. App. 55, 59-60, 396 S.E.2d 392, 395 (1990). The facts in this record clearly establish that Emerson, Allied's safety manager and the person who had the responsibility for monitoring workers' compensation claims, told Cibula that Allied's workers' compensation insurer "would take care of [Cibula's] bills" and that Cibula needed only to submit his medical bills, mileage and prescriptions for reimbursement. In addition, Emerson represented to Cibula "that his claim [had been] turned in to the Industrial Commission." Emerson's affirmative assurance concerning Cibula's "claim" was a representation that induced Cibula to believe that he was in compliance with all workers' compensation requirements. Cibula relied on Emerson's assurances and, to his detriment, failed to file a claim.

Cibula had never before filed a workers' compensation claim. While there was evidence that the commission mailed a "Blue Letter" within the two year period, there was also uncontroverted testimony from both Cibula and his wife that Cibula received neither a "Blue Letter" nor a "Guide to the Employees," which would have provided him with the statutory notice concerning the filing procedure. Cibula's wife impressively detailed her record-keeping. In addition, the testimony proved that a dozen or so families also bearing the name Cibula lived in the community where they lived, increasing the risk of misdelivery by the postal service. The deputy commissioner found the testimony of Cibula and his wife highly credible. The commission, upon review, recited

---

[4] Although we need not reach the question whether Emerson made a misrepresentation to Cibula, we note that he informed Cibula that "his *claim* was turned into the Industrial Commission."

Cibula's testimony that he did not receive correspondence from the commission but did not otherwise reconsider this issue. "Because the full commission did not modify those findings or take additional evidence upon its review of the award, we will consider those findings conclusive upon appeal." *Roller v. Basic Constr. Co.*, 238 Va. 321, 330, 384 S.E.2d 323, 327 (1989). Thus, the uncontroverted evidence supports Cibula's contentions that he had no reason to know that he had to take other action on his claim and that he in fact relied upon Emerson's representation.

We conclude that the commission incorrectly applied the law to the uncontroverted facts of this case. The evidence in this record leads unerringly to the conclusion that Allied is equitably estopped from invoking the statute of limitations.

*Reversed and remanded.*

Koontz, C.J., and Barrow, J., concurred.