## CIRCUIT COURT OF SHENANDOAH COUNTY

Lauren D. Ragland

    v.

Robert J. Karmy

October 24, 1994

Case No. (Law) 93-123

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on October 20, 1994, for argument on the defendant's Plea of the Statute of Limitations. Benjamin W. Glass, Esquire, appeared for the plaintiff; and G. Rodney Young, II, Esquire, appeared for the defendant. Upon consideration of the argument of counsel and their memoranda of authorities the Court made the following decision to deny the Plea of the Statute of Limitations, because the parties in this case completed the medical malpractice hearing review panel process under former Virginia Code § 8.01-581.9, even though it had been repealed.

### I. Statement of Material Facts

The following facts are not in dispute.

On November 2, 1993, the Plaintiff filed a motion for Judgement in this Court alleging that the Defendant was guilty of negligence in his delivery of the child of the defendant on January 18, 1991. This action was within the period of the statute of limitations, if the tolling provisions of former Virginia Code § 8.01-581.9 are deemed to apply to this action.

On December 21, 1992, the plaintiff filed the statutory notice of her medical malpractice claim as was then required by Virginia Code § 8.01-581.2. Upon receipt of the notice, the defendant requested a medical malpractice review panel which the chief justice designated on March 23, 1993.

In 1993, the General Assembly amended the notice provisions of Virginia Code § 5.01-581.2 and repealed the tolling provisions of § 8.01-581.9, which changes became effective July 1, 1993.

The medical malpractice review panel hearing was held on September 10, 1993, and a decision was rendered by the panel on that date.

The parties admitted in their oral arguments that, at the time of the malpractice review panel, they did not know that the statute of limitations had run on the plaintiff's claim under the post-July 1, 1993, statutes.

Under the pre-July 1, 1993, statutes the plaintiff was barred from filing a law action during the pendency of the medical malpractice review panel proceedings. The plaintiff's motion for judgment was timely filed under the law as it existed on June 30, 1993.

## II. *Conclusions of Law*

The repeal of Virginia Code § 8.01-581.9 became effective July 1, 1993. *See* Constitution of Virginia, Art. IV, § 13, Virginia Code § 1-12, and § 8.01-581.9 (Cum. Supp. 1994). Therefore, the tolling provisions of former § 8.01-581.9 abated as of that date, or alternately, the plaintiff's forbearance from filing her action under the former proscription of Virginia Code § 8.01-581.9, is a completed act committed in reliance on the statute as it existed prior to June 30, 1993, which forbearance continued through at least July 1, 1993, at which time the statute of limitations began to run under the new law, and the Plaintiff had until August 9, 1993, to file her action, but she did not. "[A]nything done under a statute while in force, remains valid, though the statute may afterwards be repealed . . . ." *Crawford v. Halstead*, 61 Va. (20 Gratt.) 211 (1871).

There is no vested right in Plaintiff's reliance after July 1, 1993, on the tolling provision of former § 8.01-581.9 akin to the completely vested right to rely upon an expired statute of limitations which is later extended as was the case in *Starnes v. Cayouette*, 244 Va. 202, 212, 419 S.E.2d 669 (1992), where the Supreme Court affirmed the trial court's ruling that the provisions of § 8.01-249, which purported to extend the statute of limitations on sexual abuse claims which had expired under the previous statute of limitations, was unconstitutional, because the defendants against whom the statute of limitations had run had a fully vested defense of the statute of limitations, which could not be retroactively altered.

In 73 Am. Jur. 2d, *Statutes*, § 385, it is stated:

> There are cases in which the repeal of a statute is regarded as abrogating rights arising, or defenses existing, under the statute.

In this respect, it has been said that the rule which, as to positive enactments, requires express evidence of legislative intent in order to give them retroactive effect, does not apply to repealing statutes.

In 73 Am. Jur. 2d, *Statutes*, § 388, it is stated:

> *It is firmly established that there is no vested right in any particular mode of procedure or remedy*, and it is a general rule that where a statute giving a particular remedy is unqualifiedly repealed, the remedy is abrogated. Indeed, *where a statute giving a special remedy is repealed by a later act which substitutes nothing in its place, the effect is to obliterate such statute as completely as if it had never been passed.*

> Under the common law, if a statute is unconditionally repealed without a saving clause in favor of pending suits, all pending proceedings thereunder are terminated. This is true of the repeal of a law relating to procedure, or of a law conferring jurisdiction, in which case the right to proceed further in an action that is pending but undetermined at the time of the repeal is taken away. 73 Am. Jur. 2d, *Statutes*, § 389 (emphasis added).

Consistent with the general principles noted by the *Am. Jur.* editors, in *White v. Freeman*, 79 Va. 597, 601 (1884), the Virginia Supreme Court ruled:

> The repealing statute obliterates the statute repealed as completely as if it had not been passed, and it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted, and completed while it was an existing law.

*Accord Brown's Committee v. Western State Hospital*, 110 Va. 321, 328, 66 S.E. 48 (1909). Technically, the medical malpractice review panel proceeding was not completed while former § 8.01-581.9 was still in effect.

The tolling provisions of the Medical Malpractice Act are "procedural." *Morrison v. Bestler*, 239 Va. 166, 172-173, 387 S.E.2d 753 (1990). The legislature may enact or amend legislation to apply retroactively provided the legislation affects matters of remedy or procedure and not substantive rights. *Duffy v. Hartsock*, 187 Va. 406, 417, 46 S.E.2d 570 (1948); *Phipps v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123 (1974). "Substantive rights . . . are included

within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750 (1984). As stated in *Starnes v. Cayouette*, 244 Va. 202, 211, 419 S.E.2d 669 (1992), "it is the limitation upon the plaintiff's right to recover that is purely procedural."

> Consequently, legislation affecting the amount of time within which an action can be brought after it accrues has consistently been treated as procedural or remedial.
>
> An ordinary statute of limitation is a procedural statute, one which creates a temporal bar to the maintenance of a legal remedy arising out of an accrued cause of action.

*School Board of the City of Norfolk v. U.S. Gypsum Co.*, 234 Va. 32, 36, 360 S.E.2d 325 (1987). In *Allen v. Mottley Construction Co.*, 160 Va. 875, 170 S.E. 412 (1933), the Court retroactively applied an amendment to a provision of the Workmen's Compensation Act that shortened the time allowed for a claimant to file a change in condition application. *Accord Buenson Division, Aeronca, Inc. v. McCauley*, 221 Va. 430, 270 S.E.2d. 734 (1980).

Statutory authority also supports the conclusion that the repeal of Code § 8.01-581.9 applied retroactively to accrued causes of action. The very first provision of Title 8.01 reflects the General Assembly's intention in this regard. Code § 8.01-1 states:

> Except as may be otherwise provided in § 8.01-256 of Chapter 4 (§ 8.01-228 et seq.) (Limitation of Actions), all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

The principal exception to retroactive application is found in Code § 8.01-256, which is limited to Chapter 4 of Title 8.01. This provision provides that, with respect to actions pending *before October 1, 1977*, the limitation periods found in Chapter 4 of Title 8.01 shall apply prospec-

tively. This exception is not applicable in this case because the plaintiff's action was not pending before October 1, 1977, and the limitation and tolling provisions in issue here are found not in Chapter 4, but in Chapter 21.1 of Title 8.01.

Of constitutional due process concern to courts is the time period between the statutory enactment changing a law which affects remedies and the time period before the change becomes effective. In *Commonwealth v. Owens*, 238 Va. 595, 602, 385 S.E.2d 865 (1989), the Virginia Supreme Court stated:

> [T]he Commonwealth was under the necessity of bringing its suit between the time of legislative enactment and the date the legislation became effective. Such a "window of opportunity," even one as brief as 30 days, is ordinarily sufficient to satisfy due process requirements when a newly-created time bar is applied to existing causes of action and accrued rights of action.

In this case the plaintiff would technically have had thirty-eight days within which to file her motion for judgment after July 1, 1993.

While not pleaded or argued by the plaintiff, the principle of estoppel clearly applies to this case. A defendant may be estopped by his conduct from asserting the defense of the statute of limitations. In *Cibula v. Allied Fibers*, 14 Va. App. 319, 325, 416 S.E.2d 708 (1992), *aff'd*, 245 Va. 337, 428 S.E.2d 905 (1993) (Workers' compensation case), the Court of Appeals upheld the Industrial Commission's determination that the employer was estopped from asserting the statute of limitations, stating:

> Cibula does not allege fraud or deception. He argues that proof of a representation, reliance, change of position, and detriment is sufficient to establish equitable estoppel. See *T. v. T.*, 216 Va. 867, 873, 224 S.E.2d 148, 152 (1976); *Nabisco Brands, Inc. v. Jones*, 12 Va. App. 1028, 1032, 407 S.E.2d 919, 921 (1991); *Rucker v. Thrift Transfer, Inc.*, 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986). We agree. Stuart Circle does not require proof that the representation be false or that the employer intend to induce reliance. The employee's case is made if the "representation . . . did in fact induce the [employee] to refrain from filing." 223 Va. at 208, 288 S.E.2d at 446. See also *City of Salem v. Colegrove*, 228 Va. 290, 295, 321 S.E.2d 654, 656-57 (1984).

The elements required to prove estoppel as a bar to the statute of limitations are "representation, reliance, a change in position, and detriment." *Luddeke v. Amana Refrigerator*, 239 Va. 203, 208, 387 S.E.2d 502 (1990) (homeowners' suit against seller and manufacturer). *See generally* Annotation, *Delay Caused by Other Litigation as Estopping Reliance on Statute of Limitations*, 45 A.L.R. 3d (1972).

In 51 Am. Jur. 2d, *Limitations of Actions*, § 433, the editors discuss the nature of the misrepresentation required to work an estoppel against the statute of limitations and stated:

> [A]ctual fraud in the technical sense, bad faith, or an intent to mislead or deceive is not essential to create such an estoppel. It is sufficient for this purpose that the debtor made misrepresentations which misled the creditor, who acted upon them in good faith, to the extent that he failed to commence an action within the statutory period.

In *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217-218 (4th Cir. 1977), the United States Court of Appeals held that:

> Virginia does recognize that the doctrine of equitable estoppel may preclude a defendant from raising expiration of the period of limitations as a defense. *E.g., Wilson v. Butt*, 168 Va. 259, 190 S.E. 260 (1937), and *Sadler v. Marsden*, 160 Va. 392, 168 S.E. 357 (1933). That doctrine has been described as "a standard of fair dealing applied by the courts." As applied to the statute of limitations, its central premise is that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute [of limitations], and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. [Cite omitted.]

The Defendants in this case, requested the malpractice review panel and completed the malpractice review hearing process, despite the repeal of the tolling provision, and the hearing was actually held after the date on which the defendant now claims that the statute of limitations had run, so it is clear by their conduct that the defendant intended to rely on the provisions of the earlier statute which tolled the Plaintiff's action, but which had been repealed by the time of the malpractice review hearing, that the plaintiff relied to her detriment on this representation, the initial

request for a panel, and the failure to withdraw the request for a panel hearing. Therefore the defendant is estopped from asserting the defense of the statute of limitations based on the repeal of § 8.01-581.9.

In this case where the parties completed the malpractice review hearing process after the statute of limitations had run under the post July 1, 1993, law, it would be a miscarriage of justice to rule that the parties did not intend by their conduct that the plaintiff's action would be subject to the tolling provisions of former § 8.01-581.9. *See* Virginia Code § 8.01-1; and *see generally Jimenez v. Commonwealth*, 241 Va. 244, 402 S.E.2d 678 (1991); and *Campbell v. Commonwealth*, 14 Va. App. 988, 421 S.E.2d 652 (1992). None of the purposes underlying the statute of limitations would be served in sustaining the plea, and to sustain the plea would mean that the considerable expense and inconvenience incurred by the Plaintiff, the Defendant, and the Malpractice Review Panel incident to the September 10, 1993, Medical Malpractice Review Panel was a nullity. Moreover, there is no prejudice to the defendant, because the defendant in this case obviously expected the pre-July 1, 1993, law to apply to this case and acted accordingly.

There is a material distinction between this case and those of *McFarland v. Childress*, Winchester Cir. L-93-219, and *Pigeon v. Wake*, Winchester Cir. L-93-191, where the defendants withdrew their request for a medical malpractice review panel before the panel hearing was held. In these cases where the request for panels were filed prior to July 1, 1993, the Rubicon is crossed when the panel hearing is actually held and a decision rendered, and to paraphrase Julius Caesar, the die of the case is then cast. *Cf. Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 620-21, 93 S.E. 684, 687 (1917); and *American Filtrona Corp. v. Hartford*, 16 Va. App. 159, 428 S.E.2d 511 (1993) (Law of the case doctrine provides that where there are two appeals in the same case, nothing decided in the first appeal may be considered in the second appeal, right or wrong, even though the first appeal is not technically a final judgment.).

In making its ruling the Court is cognizant of the Justice Holmes' admonition in *Northern Securities Co. v. United States*, 193 U.S. 197, 400, 24 S. Ct. 436, 48 L. Ed. 679 (1904) (Holmes, J., dissenting):

> Great cases like hard cases make bad law. For great cases are called great, not by reason of their real importance in shaping the law of the future, but because of some accident of immediate overwhelming interest which appeals to the feelings and distorts the judgment. These immediate interests exercise a kind of hy-

draulic pressure which makes what previously was clear seem doubtful, and before which even well settled principles of law will bend.

In context of the repeal of the medical malpractice tolling provisions, the law was previously clear, and the repeal muddied the water with respect to those medical malpractice actions in which review panel proceedings were underway on July 1, 1993. The repeal created a vortex in which many parties were unwittingly caught, which in this case included the plaintiff, the defendant, and the Court. However, where the malpractice review panel hearing process was completed by the parties as in this case, the bottom of the vortex was reached, and neither party can swim out, stand in the sunshine, and, in essence say, I was never in the vortex, I am not wet, and nothing that occurred incident to that hearing had any legal effect, because it was a nullity. To do so, would permit a miscarriage of justice of Kafkian proportion.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Defendant's Plea of the Statute of Limitation is denied.