COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARIATOU HAIDARA DIALLO

v.   Record No. 1734-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
MARRIOTT CORPORATION                          APRIL 2, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Mariatou H. Diallo, pro se, on brief).

            (John K. Coleman; Susan L. Herilla;
            Slenker, Brandt, Jennings & Johnston, on
            brief), for appellee.



    Mariatou H. Diallo (claimant) contends that the Workers'

Compensation Commission erred in finding that the two-year

statute of limitations contained in Code § 65.2-601 expired

before she filed her September 19, 1994 claim.  Specifically, she

argues that the commission erred in finding that Code § 65.1-87.1

(now Code § 65.2-602) did not toll the applicable two-year

limitations period.[1]  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

    On January 27, 1990, claimant slipped and fell on a wet and

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1]Claimant raised twenty-four questions in her opening brief.
 Most of these questions were not addressed to the commission.
Accordingly, on appeal, we will not consider any issue not raised
before the commission.  Rule 5A:18.  We will only consider the
issues raised before the commission.

greasy floor while working for Marriott Corporation (employer) as a waitress. She felt a sharp pain in her back. On January 31, 1990, she sought medical treatment for low back pain from Dr. Stephen M. Levin. Dr. Levin advised her not to work until February 5, 1990.[2] On February 5, 1990, Dr. Levin reported that claimant's back was significantly improved and he released her to return to work without restrictions. Claimant saw Dr. Levin again on February 12, 1990. On February 26, 1990, Dr. Levin discharged claimant from his care.

Claimant returned to Dr. Levin on April 12, 1990. Her examination was normal and Dr. Levin advised her to see a gynecologist. Claimant never returned to Dr. Levin. After April 12, 1990, claimant did not seek medical treatment again until four and one-half years later. On September 8, 1994, she was examined by Dr. Ronald G. Donelson, an orthopedic surgeon.[3] Although employer paid Dr. Levin's medical expenses, it did not pay any compensation or wages to claimant for any period of disability from January 27, 1990 through September 19, 1994, the date claimant filed her claim for benefits related to her back

_____

[2]Although Dr. Levin advised claimant not to work during this five-day period, claimant testified that from January 27, 1990 through the summer of 1991, she did not miss any time from work related to her back condition. Claimant testified that she stopped working for employer during the summer of 1991 due to back pain and her return to school.

[3]Claimant included medical reports in the Appendix which are not contained in the record. In rendering our decision, we did not consider any medical evidence not contained in the record.

condition.  Employer filed its First Report of Accident on November 7, 1994.

Code § 65.1-87.1 (now Code § 65.2-602), in effect at the time of claimant's September 27, 1990 accident, provided, in part, that the statute of limitations would be tolled if the employer failed to file a report of accident and paid compensation or wages during a period of disability related to a claimant's work accident.[4]  Claimant admitted she continued to work, without restriction, for employer from January 27, 1990 through the summer of 1991.  In addition, although employer paid a portion of claimant's medical expenses, no evidence proved that employer ever paid compensation or wages to claimant during any period of work incapacity related to her back condition.  Voluntary payment of medical expenses in itself does not as a matter of law toll the statute of limitations or estop employer from raising the jurisdictional defense.  Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 686-87, 401 S.E.2d 884, 886 (1991).

Claimant's evidence failed to prove that employer paid her compensation or wages during a period of disability related to her work accident.  Therefore, Code § 65.2-87.1 did not toll the statute of limitations.  Accordingly, the commission did not err

_____

[4]The commission correctly held that it could not retroactively apply the July 1, 1991 amendment of Code § 65.1-87 to claimant's accident, which occurred before the amendment, because the amendment was substantive in nature.

in ruling that employer's failure to file the first report of accident did not toll the statute of limitations.

Because this ruling disposes of this appeal, we need not address any remaining issues raised by claimant.  For the reasons stated, we affirm the commission's decision.

Affirmed.