COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


ROSCOE CHITWOOD
                                          OPINION BY
v.    Record No. 1566-98-2         JUDGE SAM W. COLEMAN III
                                         APRIL 27, 1999
E.I. DU PONT DE NEMOURS AND COMPANY, INC.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Peter McIntosh (Gary Kendall; Michie,
        Hamlett, Lowry, Rasmussen & Tweel, on brief),
        for appellant.

        Stephen D. Busch (Samuel L. Tarry, Jr.;
        McGuire, Woods, Battle & Boothe, on brief),
        for appellee.


    In this workers' compensation appeal, we determine whether

the commission correctly allowed an employer credit for payments

made for stage one asbestosis against an award for stage two

asbestosis under Code § 65.2-503(B)(17)(b).  For the following

reasons, we find that the commission did not err; accordingly,

we affirm.

                          BACKGROUND

    In 1996, the Workers' Compensation Commission found that

Roscoe Chitwood suffered from second-stage asbestosis, a type of

pneumoconiosis, and awarded him one hundred weeks of permanent,

partial compensation benefits.  After paying fifty weeks of

benefits, the employer ceased payments because it had previously

paid Chitwood fifty weeks of benefits for stage one asbestosis, pursuant to an award entered in 1986. Chitwood filed for additional benefits, claiming that benefits under Code § 65.2-503(B)(17) are not progressive and that a stage two rating entitles a claimant to an additional one hundred weeks of benefits after having received fifty weeks of benefits for stage one. The commission ruled that employer was entitled to credit the previously paid fifty weeks of compensation benefits for stage one asbestosis against the one hundred weeks awarded for stage two. Chitwood appeals the commission's decision.

## ANALYSIS

"This Court is not bound by the legal determinations made by the commission. '[W]e must inquire to determine if the correct legal conclusion has been reached.'" Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993). However, the commission's construction of the Workers' Compensation Act is "entitled to great weight on appeal." Wiggins v. Fairfax Park, Ltd., 22 Va. App. 432, 441, 470 S.E.2d 591, 596 (1996).

Code § 65.2-503 addresses, among other matters, permanent partial and permanent total loss arising from pneumoconiosis, "including but not limited to silicosis and asbestosis." Code § 65.2-503 contains no language specifically allowing employers

-

to credit awards for first- or second-stage pneumoconiosis against subsequent awards for second- or third-stage pneumoconiosis.

The claimant asserts that because Code § 65.2-504(B), dealing with "black lung" benefits for coal miners' pneumoconiosis, specifically authorizes credits for benefits an employer has paid for partial disability against later permanent disability lifetime benefits, the absence of a similar provision in Code § 65.2-503, dealing with asbestosis, demonstrates a legislative intent to not provide for credits under Code § 65.2-503. We agree with the commission's conclusion that Code § 65.2-504, the Coal Miner's Pneumoconiosis Act, has no applicability here and provides no basis for comparison. Code § 65.2-504(B) was enacted pursuant to a federal mandate under 30 U.S.C. 801 et seq., the Federal Coal Mine Health and Safety Act of 1969, to enact a uniform federal program for coal miners afflicted with "black lung." This statute must be construed according to its own language and is independent of Code § 65.2-503.

Code § 65.2-503 is known as the "scheduled benefits" statute. It allows for benefits to be paid an injured employee according to a percentage of the average weekly wage for a specific "scheduled" number of weeks for the loss or loss of use of a body member regardless of the employee's disability from work. Code § 65.2-503 further provides that for partial,

-

permanent loss of a member, or partial, permanent loss of use of a member, or partial loss of vision, the commission may issue a correspondingly proportionate award.  See Code § 65.2-503(D). Code § 65.2-503(B)(17) provides scheduled benefits for the various stages of pneumoconiosis, including silicosis and asbestosis.  The three stages of pneumoconiosis listed in Code § 65.2-503, and further defined in Rule 11 of the Rules of the Workers' Compensation Commission, represent progressively more advanced stages of the disease.  These defined levels permit partial and proportional compensation for varying degrees of disease in the same manner that Code § 65.2-503(D) permits proportional compensation for partial loss of use of a member or of vision.

In Owen v. The Chesapeake Corp., 198 Va. 440, 442, 94 S.E.2d 462, 463 (1956), the Supreme Court interpreted Code § 65.2-503 to provide that a claimant who sustained a progressive increase in his permanent loss of vision received additional benefits for only the increased loss.  Additionally, the commission has interpreted Code § 65.2-503 to provide that an increased loss of use of a member results in benefits proportional only to the increased loss.  See Mabe v. Lightning Transportation, Inc., VWC File No. 155-89-02 (July 3, 1996); Shank v. Rockingham Poultry Marketing Cooperative, Inc., VWC File No. 132-36-51 (Sept. 6, 1994); Rife v. Garden Creek Pocahontas Company, VWC File No. 140-11-39 (Aug. 11, 1992).

-

Although not bound by the commission's decisions, we give great weight to its interpretation of the Act. See Wiggins, 22 Va. App. at 441, 470 S.E.2d at 596.

We find no reason to decline to apply the proportional award provision in subsection (D) to scheduled benefits for the various progressive stages of pneumoconiosis. Therefore, we hold that Code § 65.2-503(B) contemplates that a claimant with pneumoconiosis be awarded compensation only in proportion to any increase in the severity of his or her disease. A claimant with first-stage pneumoconiosis receives an award of fifty weeks, and a claimant with second-stage pneumoconiosis receives one hundred weeks. The claimant already in receipt of a fifty-week award for pneumoconiosis who thereafter progresses to second-stage is entitled to an award only proportional to the degree in which the disease has advanced -- in other words, fifty weeks. Thus, an employer may credit awards for first- and second-stage pneumoconiosis against awards for second- and third-stage pneumoconiosis, respectively. To hold otherwise would create an irrational windfall for claimants whose diseases advance from an early finding of first-stage pneumoconiosis as opposed to claimants who are initially determined to suffer from second- or third-stage pneumoconiosis.

Accordingly, we affirm the commission's decision.

Affirmed.

-