**Salem**

ISLAND CREEK COAL COMPANY

v.

ARLIN HONAKER

No. 0394-89-3

Decided January 23, 1990

COUNSEL

Michael F. Blair (Penn, Stuart, Eskridge & Jones, on brief), for appellant.

Stephen A. Vickers (UMWA Legal Dept., on brief), for appellee.

OPINION

KEENAN, J.—Island Creek Coal Company (employer) appeals from a decision of the Industrial Commission that awarded Arlin Honaker compensation for first stage pneumoconiosis. The issues presented in this appeal are: (1) whether the commission is bound by the opinion of the expert it obtained pursuant to Code § 65.1-90;[1] and (2) whether there is credible evidence in the record to support the commission's decision. We affirm the commission's decision based on our finding that the commission is not bound by the independent medical opinion it received pursuant to Code § 65.1-90. We also find that credible evidence supports the commission's award of benefits to Honaker.

Honaker filed an application for hearing with the commission, alleging that he had contracted coal worker's pneumoconiosis on or about March 11, 1986. He had worked for the employer for seventeen years prior to this date. The deputy commissioner con-

---

[1] Code § 65.1-90 provides: The Commission or any member thereof may, upon the application of either party or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination and to testify in respect thereto; provided, however, that the provisions of this section shall not apply to determination of whether an employee died of pneumoconiosis or any chronic occupational lung disease, which shall be governed by the provisions of Code § 65.1-65.1 and the regulations promulgated thereunder. Such physician or surgeon shall be allowed travelling expenses and a reasonable fee to be fixed by the Commission.

The fees and expenses of such physician or surgeon shall be paid by the Commonwealth.

sidered the reports of twenty doctors who read the x-ray film of Honaker's lungs. Seven doctors, one of whom was selected by the employer, read the film as positive for at least stage one pneumoconiosis. Thirteen doctors read the film as being wholly negative for pneumoconiosis or showing insufficient evidence to establish existence of the first stage. The deputy commissioner forwarded Honaker's x-rays to the Medical College of Virginia (MCV) for an independent medical evaluation pursuant to Code § 65.1-90. The MCV committee found that the film was unreadable for pneumoconiosis because of underexposure and scapular overlay.

The deputy commissioner found that Honaker had met his burden of proof in establishing stage one pneumoconiosis. In reaching his decision, the deputy commissioner relied on: (1) the readings which were positive for stage one pneumoconiosis; (2) the other readings which found some evidence of pneumoconiosis, although below the level of stage one; and (3) Honaker's seventeen years of work in the coal mines. Upon review, the full commission found that the evidence was sufficient to support a finding of stage one pneumoconiosis.

The employer argues that, under the facts of this case, the commission was bound by the MCV opinion that the x-ray film was unreadable for pneumoconiosis. In support of this argument, the employer notes that several other doctors had commented that the x-ray film was of poor quality, although readable. The employer contends that the opinions of the other doctors constituted corroborating evidence of the MCV opinion and since the medical evidence was in conflict, the commission was bound to accept the disinterested opinion of the MCV committee. We disagree.

This Court has held that the opinion of an independent medical expert, selected by the commission pursuant to Code § 65.1-90, is subject to the same examination and challenge as that of any other witness. *Lynchburg Foundry v. Tune*, 1 Va. App. 295, 303, 338 S.E.2d 645, 649-50 (1986). Since the parties are free to challenge the independent expert's opinion, we find that the commission necessarily retains the discretion to evaluate that opinion in the context of the other evidence presented. To hold otherwise would result in a transfer to the independent medical examiner of the commission's role as finder of fact. Such a holding would contradict Code § 65.1-96(A), which assigns the commission responsibility to decide all issues presented before it.

■ In addition, we find nothing within the language of Code § 65.1-90 which limits the commission's fact finding authority. The wording of Code § 65.1-90 is clear and unambiguous. Therefore, "[w]e must 'take the words as written' and give them their plain meaning." *Diggs v. Commonwealth*, 6 Va. App. 300, 302, 369 S.E.2d 199, 200 (1988)(quoting *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). Code § 65.1-90 provides that the role of the disinterested physician is simply "to make any necessary medical examination and to testify in respect thereto. . . ." We hold that the commission is not bound by the opinion of an independent expert it selects pursuant to Code § 65.1-90.

The employer also contends that, because the evidence in this case was conflicting as to the existence of an occupational disease, the commission was required to find in accordance with the independent medical opinion rendered by the MCV committee. We disagree. Again, to accept this argument would result in the transfer to the independent medical examiner of the commission's fact finding role, in violation of the provisions of Code § 65.1-96. We also note that, although the MCV committee found the x-ray film unreadable, the twenty other physicians who rendered an opinion in this case found the film to be of readable quality. Therefore, we reject the employer's suggestion that the commission should be required to accept one medical opinion when twenty other physicians disagree with it. To do so would improperly deny the commission its responsibility to weigh all of the evidence.

■ The employer next argues that the commission's decision is not supported by credible evidence. Primarily, the employer argues that, because there were thirteen negative readings presented by the employer as opposed to six positive readings presented by Honaker, it should have prevailed before the commission. In response, Honaker contends that the party presenting the greater number of medical opinions is not entitled to prevail simply on the strength of those numbers. We agree. As fact finder, the commission is charged with evaluating all of the evidence presented, including the medical opinions, and reaching its decision based on its reasoned review of the evidence. A greater number of medical opinions does not necessarily constitute a preponderance of the evidence. In its review, the commission is entitled to decide what evidence, if credible, is entitled to greater weight. *McPeek v. P.W.*

& *W. Coal Co.*, 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969).

■ The commission's findings of fact, if supported by credible evidence, are binding on appeal. *Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). A question raised by conflicting medical opinions is a question of fact. *Eccon Constr. Co. v. Lucas*, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981). From our review of the record, we find that the commission's decision is supported by credible evidence. Honaker presented six medical opinions which found at least stage one pneumoconiosis. Further, one of the doctors selected by the employer found evidence of stage one pneumoconiosis and three others found some evidence of pneumoconiosis, although not rising to the level of stage one. We find that this evidence, in conjunction with the evidence that Honaker had spent seventeen years working in the coal mines at the time this matter was before the commission, constitutes credible evidence in support of the commission's award of compensation to Honaker.

For the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.