COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia

PRESTON TRUCKING COMPANY, INC.
and
NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH

v.        Record No. 1619-94-2      MEMORANDUM OPINION[*]
                                 BY JUDGE SAM W. COLEMAN III
REX L. BARTON                         MAY 30, 1995

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Lisa C. Healey (Elizabeth A. Zwibel; Siciliano,
         Ellis, Dyer & Boccarosse, on brief), for appellants.

         No brief or argument for appellee Rex L. Barton.


     Preston Trucking Company, Inc. (Preston) appeals the

Workers' Compensation Commission's decision that denied its

change of condition application.  Preston contends that the

commission erred by finding that the evidence failed to prove

that Rex L. Barton, the claimant, was capable of returning to his

pre-injury employment and by finding that Barton was temporarily

totally disabled after he was terminated.

     Rex Barton was employed by Preston Trucking Company as a

truck loader.  In 1991, Barton sustained a lower back injury

which Preston accepted as compensable.  The parties entered into

a memorandum of agreement, and the commission entered an award

for temporary total disability benefits in the amount of $418 per

_____
     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

week based upon an average weekly wage of $650.40. Thereafter, the employer paid the claimant compensation benefits for various periods of total or partial disability. The latest award was entered on August 4, 1993, in the amount of $132 per week for partial incapacity after Barton returned to selective employment on April 6, 1993, at a lower-than-pre-injury wage of $452 per week.

After Barton was injured, he was treated by various physicians, including Dr. Mirza S. Baig, who most recently was Barton's primary treating physician. In a July 19, 1993, progress report, Dr. Baig noted that the claimant was continuing to perform his selective employment and remained under his care. Although Dr. Baig had reported Barton's continued progress and that he periodically expected his return to his regular duties within weeks, he had not released Barton to return to his pre-injury employment. Dr. Stephen M. Levin, who also treated Barton, stated in a June, 1993, letter that in his opinion, Barton was able to return to his pre-injury employment.

Relying on Dr. Levin's report, the employer notified Barton to return to full duty work as of July 5, 1993. Barton disagreed with Dr. Levin's opinion that he could perform his pre-injury duties and did not report for that job. The employer terminated him on July 13, 1993.

At the evidentiary hearing, the employer introduced evidence that Dr. John R. Pauswinski performed a physical examination on

Barton so he could remain certified as a commercial pilot. Dr. Pauswinski found Barton's back condition to be asymptomatic. In December, 1993, Dr. William A. Hanff examined Barton and concluded that "the strain suffered in work injury has resolved" and that Barton did not need further treatment.

The deputy commissioner found that as of June 17, 1993, Barton had not sufficiently recovered from his injury to return to his pre-injury duties and that by failing to report to his pre-injury job he did not voluntarily terminate his employment with Preston Trucking. The deputy commissioner denied Preston's change of condition application and reinstated the temporary total disability award of $132 per week. On review, the commission affirmed the deputy commissioner's finding that the evidence did not prove that Barton could return to his pre-injury employment; however, because Barton had been terminated from his selective employment, the commission modified the disability award to be temporary total, rather than partial, at the previous rate of $418 per week, effective July 15, 1993, and continuing until the claimant obtained other employment.

On appeal, we view the evidence in the light most favorable to the prevailing party below. Crisp v. Brown's Tyson's Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). Findings of fact made by the commission are

binding on appeal if they are supported by credible evidence. <u>Christiansen v. Metro Building Supply</u>, 18 Va. App. 721, 723, 447 S.E.2d 519, 520 (1994). "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." <u>Manassas Ice & Fuel Co. v. Farrar</u>, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "A greater number of medical opinions does not necessarily constitute a preponderance of the evidence. In its review, the commission is entitled to decide what evidence, if credible, is entitled to greater weight." <u>Island Creek Coal Co. v. Honaker</u>, 9 Va. App. 336, 339, 388 S.E.2d 271, 273 (1990).

Drs. Pauswinski and Hanff reported that in their opinions, Barton was able to return to and perform the duties of his pre-injury employment when they examined him in August and December, respectively, after his employment had been terminated.

Dr. Baig's reports, however, support the contrary finding by the commission. Dr. Baig, who was Barton's primary treating physician, noted in several reports that Barton was not able to perform his regular job duties. Although Dr. Baig stated at various times that Barton should soon be able to return to his pre-injury job, in a May, 1993, progress report, Dr. Baig stated: "[Barton] should continue with light duty [work]. It is also recommended that the patient consider going back to regular duty in about six to eight weeks time, depending on his pain." In a July, 1993, post-termination report, Dr. Baig stated that Barton

-4-

"continues to experience significant aching pain in the lower lumbar region. . . . He is advised to continue conservative treatment and he will be seen in four weeks time." Dr. Baig did not mention removing Barton from light-duty work status. We cannot say that, as a matter of law, the commission erred in finding the report of Dr. Baig more "persuasive" and in finding that because "the claimant continues to experience symptoms of the injury . . . to such degree that he is only capable of performing light duty work," he could not return to his pre-injury job.

Appellant also contends that the commission erred by modifying the deputy commissioner's award which reinstated the partial disability award of $132 per week that was in effect when the change in condition application was filed. The commission found that there had been no change in condition in that the claimant continued to be disabled from returning to his pre-injury work. However, the evidence showed that because he had been terminated by the employer from his selective employment, he was no longer being paid $452 per week, which was the basis for the partial disability award that had been in effect. The employer's filing a change of condition application places in issue whether a claimant is capable of returning to his pre-injury employment. Armstrong Furniture v. Elder, 4 Va. App. 238, 356 S.E.2d 614 (1987). Moreover, Code § 65.2-708 expressly provides that "[u]pon its own motion or upon the application of

any party in interest . . . the Commission may review any award and on such review may make an award . . . diminishing or increasing the compensation previously awarded."  Having found that the claimant could not return to his pre-injury employment, and the evidence showing that he had been terminated from his selective employment, see Fuel Company v. Barbour, 201 Va. 682, 112 S.E.2d 904 (1960), the commission did not err in reinstating the award for temporary total benefits and remanding the claim to the Dispute Resolution Department in order for the claimant to present verification of subsequent earnings for computation of subsequent benefits, whether they be for temporary total or partial, that the claimant may be owed.

Affirmed.