COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


ROSALYN MAYFIELD

v.          Record No. 1826-95-1          MEMORANDUM OPINION[*]
                                      BY JUDGE JOSEPH E. BAKER
THE SOUTHLAND CORPORATION                  APRIL 9, 1996
and
AMERICAN PROTECTION INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Karen M. Rye (Melody L. Cockrell, on brief),
               for appellant.

               Timothy P. Murphy (William W. Nexsen;
               Stackhouse, Smith & Nexsen, on brief), for
               appellees.


     Rosalyn Mayfield (claimant) appeals from a decision of the

Workers' Compensation Commission (commission) that denied her

claim for compensation benefits for injuries she contends she

received in an accident while in the employ of The Southland

Corporation (employer).  The deputy commissioner ruled in her

favor; however, on review by the full commission, it concluded

that "a preponderance of the evidence fails to support claimant's

claim," and the opinion of the deputy was reversed and the

recommended award vacated.

     Although claimant frames four issues for our decision, all

are determined by whether claimant, as a matter of law, met her

burden to prove she received compensable injuries arising out of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

an accident that was work related.

Claimant's principal argument is that the parties agreed that "an accident had occurred arising out of and in the course of [claimant's] employment"[1] but concedes that employer's defense that an injury did not occur in that accident remained "intact despite the stipulation" and "that [the] stipulation . . . does not jeopardize the defenses otherwise put forth by Employer." Employer concedes that it defended this "claim on the grounds that [claimant] was not injured as a result of the incident." However, employer contends a stipulation that an "incident" occurred is not a concession that an "accident" occurred.[2] As we view the commission's opinion, its decision may be read to say that if an accident occurred, claimant failed to meet her burden to show that a compensable injury resulted therefrom.

In its opinion, the commission stated that because there is a "significant legal distinction" between the words "incident" and "accident," the burden remains on claimant to show by the record that an accident within the meaning of the Workers' Compensation Act (Act) "in fact occurred, and the said accident

---

[1]That statement appears to be the understanding of the deputy commissioner whose opinion states that the parties "agreed that an accident took place within the course of the claimant's employment but denies that the claimant was injured in the accident."

[2]Employer's assertion that it agreed only that an "incident" occurred pales in the face of the statement made by the deputy in its opinion.

arose out of and during the course of employment with this employer." For the purposes of our opinion, we find that the record adequately establishes that this was an accident within the meaning of the Act that occurred during the course of claimant's employment. The issue, therefore, is whether the record supports the commission's finding that the record did not contain credible evidence sufficient to meet claimant's burden to show that she suffered a compensable injury as a result of that accident.

The following statements taken from the commission's opinion disclose that its findings of fact, based upon the lack of credibility of claimant's proof that her injuries were received in the November 26, 1993 accident, are supported by the record:

> As this case is before the Commission on the claimant's claim, she has the burden of proving by a preponderance of the evidence that she suffered injury by accident that arose out of and during the course of the employment with this employer. That burden is one of persuasion. It is not sufficient to show that an accident occurred without also showing that injury resulted from that accident.
> [T]he Commission has traditionally not required strict formality and unwavering adherence to evidentiary rules. However, the Commission has insisted that the record taken as a whole must establish in each particular case that an accident defined in the Act in fact did occur, and that injury resulted from that accident.

> *     *     *     *     *     *     *

> Defense Exhibit 2 was completed by three separate individuals; claimant, M. Mallory, and Dr. Woods, and the same question was asked to all three individuals, and that

question was whether the disability arose from injury or illness arising out of the employment with this employer, and all three individuals stated "no" it did not. The position taken by claimant in Defense Exhibit 2 is contradictory of the position she takes before the Commission. Although we may overlook minor inconsistencies in the evidence considered in its entirety, the inconsistencies in this record raise substantial credibility questions and call into doubt the testimony given by claimant.

The same inconsistencies likewise detract from the medical opinions of record. . . . [T]hese medical opinions lack the probative value and weight necessary to establish the requisite causal connection between the incident claimant describes and the injury she claims.

Contrary to claimant's assertions, the commission's opinion was based upon its finding that claimant's medical evidence was not sufficiently credible to convince the fact finder that claimant had sustained a compensable injury that arose from the collision/accident that occurred on November 26, 1993.

"'Generally, the full commission remains free to make different findings of fact than those made by the deputy commissioner.'" Virginia Dep't. of State Police v. Dean, 16 Va. App. 254, 257, 430 S.E.2d 550, 551 (1993) (quoting Williams v. Auto Brokers, 6 Va. App. 570, 573, 370 S.E.2d 321, 323 (1988)). "We must view the evidence in the light most favorable to the employer, as the prevailing party below, and '[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding.' Manassas, 13 Va. App. at 229, 409 S.E.2d at 826 (citations

- 4 -

omitted)."  Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993).  "A question raised by conflicting medical opinion is a question of fact."  Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986) (citations omitted); see also Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 660, 426 S.E.2d 489, 491 (1993); City of Norfolk v. Lillard, 15 Va. App. 424, 429, 424 S.E.2d 243, 246 (1992); Island Creek Coal Co. v. Honaker, 9 Va. App. 336, 340, 388 S.E.2d 271, 273 (1990).  "Generally, a ruling by the commission that the claimant's evidence is insufficient to prove that an injury was causally related to the employment must be upheld on appeal because the question is one of causation, which is a factual determination frequently turning upon the weight and credibility accorded to the evidence."  Stancill v. Ford Motor Co., 15 Va. App. 54, 57, 421 S.E.2d 872, 874 (1992) (citing Code § 65.2-706(A)); Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989) (citing Code § 65.1-98, now Code § 65.2-706); see also American Filtrona Co. v. Hanford, 16 Va. App. 159, 165, 428 S.E.2d 511, 515 (1993); Lillard, 15 Va. App. at 430, 424 S.E.2d at 246 (1992).  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings,

they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988) (citation omitted); <u>see also</u> <u>Chase Packaging Corp. v. Dorsey</u>, 15 Va. App. 248, 251, 421 S.E.2d 907, 909 (1992). "The commission made the initial and only resolution of the factual discrepancy [in the conflicting testimony]. . . . We are bound by that factual finding." <u>Grove v. Allied Signal, Inc.</u>, 15 Va. App. 17, 19, 421 S.E.2d, 32, 33 (1992).

We cannot say that the commission's finding was plainly wrong or that the record does not support its decision. Accordingly, in response to the issues stated by claimant, we find that we are not required to reverse the commission's finding as to whether an accident occurred; that considered in its entirety, the record does not require that we remand this case for further consideration by the commission; and that the commission's decision is supported by credible evidence and is affirmed.

<u>Affirmed.</u>