COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick,* Judges Baker and Annunziata
Argued at Alexandria, Virginia


MARY WASHINGTON HOSPITAL and
 HEALTHCARE PROVIDERS GROUP
 SELF-INSURANCE ASSOCIATION
                                          OPINION BY
v.    Record No. 0331-97-4           JUDGE JOSEPH E. BAKER
                                        DECEMBER 16, 1997
LORETTA HARRISON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Linda M. Ziegler (Crews & Hancock, P.L.C., on
            briefs), for appellants.

            Wesley G. Marshall (Peter M. Sweeny
            & Associates, P.C., on brief), for appellee.


        Mary Washington Hospital and Healthcare Providers Group

Self-Insurance Association (jointly referred to herein as

employer) appeal from an award entered by the Workers'

Compensation Commission (commission) in favor of Loretta Harrison

(claimant).  The question presented by employer is whether

credible evidence supports the commission's award of temporary

partial disability benefits to claimant for the period of

February 7, 1996 and continuing.  Employer contends the award is

not supported by a factual finding contained in the record.  We

disagree and affirm the commission's decision.

        Pursuant to a claim for benefits filed by claimant on

November 9, 1995, a hearing was held on July 10, 1996 before

_____

        *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

Deputy Commissioner Herring.  As stated by the deputy at the outset of the hearing, claimant sought:
          temporary total disability benefits,
          temporary partial benefits, and medical--and
          temporary partial benefits as follows:
          Temporary total from June 7, 1995 through
          September 29, 1995, temporary partial from
          September 30, 1995 through October 27, 1995,
          temporary total from October 28, 1995 through
          February 6, 1996, and temporary partial from
          February 7, 1996 and continuing.

At that hearing, the parties stipulated that claimant sustained a compensable back injury on June 7, 1995; that employer paid temporary total disability compensation from June 7, 1995 through September 30, 1995; and that employer paid temporary partial compensation from September 30, 1995 through October 27, 1995.

Relevant to this appeal, the deputy further established after those stipulations were confirmed that (1) claimant sought only "temporary total benefits from October 28, 1995 through February 6 [,1996] [and] temporary partial disability benefits from February 7, 1996 and continuing," and (2) employer "defended on the ground the disability claimant asserts as a basis for her claim [depression] was not causally related to her June 7, 1995, industrial accident injury."

While the inferences to be drawn from the evidence are in dispute, the following evidence is contained in the record.  On June 7, 1995, claimant sustained a work-related back injury. That injury was accepted by employer as compensable, and the commission entered the appropriate award.  On October 24, 1995,

Dr. John S. Moss, claimant's treating physician for her back injury, released her to return "to work without restriction."[1] Nancy Daum, a diagnostic section leader of employer's radiology department, was assigned to discuss with claimant the hours claimant would work. Daum and claimant disagreed as to whether claimant was able to work three fourteen-hour shifts as she had prior to her injury. Following that disagreement, claimant became distraught to the extent that she contemplated suicide while on her way to a physical therapy appointment. When claimant arrived at the therapy center, she discussed her condition with Cynthia Starling, the center's pain management director, who recommended that claimant seek immediate admission to Snowden of Fredericksburg, an inpatient psychiatric facility. Starling drove claimant to the facility. Thereafter, claimant received inpatient and outpatient treatment from Drs. Norman Holden, Donald R. Reed, and P. S. Vachher, psychiatrists, and remained totally disabled due to her psychiatric condition through February 6, 1996.

Claimant returned to work on February 7, 1996 but worked only three ten-hour shifts per week, asserting that she could not work more than ten hours per day due to her depression. On December 8, 1995, Dr. Reed, who began treating claimant as an outpatient on November 28, 1995, opined that claimant would

---

[1]The effect of that letter was to require claimant to return to her pre-injury job.

recover from her depressive condition faster on a regular work week, preferably days. On April 17, 1996, Dr. Holden, who also treated claimant as an outpatient, advised employer as follows:

> This is an update on our report [on claimant of] December 8, 1995. At that time, we advised against her working long hours. She reports that she has been working 14-hour days. We believe that she would recover better if she could work 8- or 10-hour days. She is still suffering with depression along with thyroid problems which are both complicated by her recent pregnancy. Shorter hours could be beneficial for her daily functioning.

At the hearing before the deputy commissioner, claimant sought to introduce a letter which contained the causal relationship responses of Dr. Holden. The deputy first refused to consider the responses as evidence, but later stated that they would be admitted. However, in his opinion, the deputy expressly noted that Dr. Holden's responses were not considered. Those responses opined that claimant's depression was related to her June 7, 1995 injury.

> The deputy made the following relevant findings: <u>We are convinced, on the record before us, that [claimant] was unable to work from October 28, 1995, through February 6, 1996, and that she was on a reduced schedule thereafter. We also find that these disabilities were the product of her psychiatric difficulties.</u> However, we cannot find . . . that the claimant's depression and subsequent disability were the proximate result [or a compensable consequence] of the . . . industrial accident.

(Emphasis added.)

The deputy commissioner made factual findings "on the record" before him that claimant "was unable to work from October 28, 1995, through February 6, 1996," and that she was on a "reduced schedule thereafter." Thus, the deputy made a clear factual finding that claimant was temporarily partially disabled after February 6, 1996. However, the deputy further found that, although claimant was disabled during the stated periods due to a proved psychiatric condition, that condition had not resulted from her June 7, 1995 job-related injury.

Claimant requested the commission to review the deputy's findings and determine whether claimant's psychiatric condition was causally related to her compensable injury and, if so, whether she was entitled to the temporary total and temporary partial disability benefits claimed. On claimant's request for review, the full commission reversed the deputy's ruling on the admissibility of Dr. Holden's responses and found that claimant's psychiatric disability was causally related to her compensable injury.

The commission remains free to make findings of fact different from those made by the deputy commissioner. See Virginia Dep't of State Police v. Dean, 16 Va. 254, 257, 430 S.E.2d 550, 551 (1993). Emotional or psychological conditions resulting from an accidental event are compensable. See E.C. Womack, Inc. v. Ellis, 209 Va. 588, 591-93, 166 S.E.2d 265, 269 (1969); Hercules, Inc. v. Gunther, 13 Va. App. 357, 362, 412

S.E.2d 185, 188 (1991). The commission entered an award for temporary total and temporary partial disability benefits for the periods sought.

In this appeal, employer does not contest the commission's finding that claimant's psychiatric disability was a compensable condition causally related to her June 7, 1995 industrial injury. The single issue we are to decide, so states employer, is whether credible evidence in the record supports the commission's award of temporary partial disability benefits to claimant for the period of February 7, 1996 and continuing.[2]

The deputy commissioner found that claimant's total inability to work from October 28, 1995 through February 6, 1996, and her inability to work full time thereafter, was due to her psychiatric condition. That finding was neither appealed by employer nor reversed by the commission. See Dean, 16 Va. App. at 257, 430 S.E.2d at 551. When the commission reversed the deputy's refusal to consider Dr. Holden's responses and found that claimant's depression was causally related to her industrial injury, the established, uncontested facts were that claimant's condition prevented her from working between October 28, 1995 and February 6, 1996, and prevented her from working full time

_____

[2]For the first time, in its reply brief to this Court, employer contended that claimant's receipt of temporary partial disability benefits is barred because she failed to prove she marketed her residual capacity beyond the thirty hours per week she worked for employer. However, employer's failure to raise this issue below bars our review. See Rule 5A:18.

thereafter.  Thus, it follows, without more, that claimant is entitled to temporary partial benefits continuing until it is otherwise proved she no longer suffers from a job-related condition that prevents her from returning to her pre-injury job.

Where reasonable inferences may be drawn from the record to support the commission's findings, they will not be disturbed by this Court on appeal.  See Hawks v. Henrico Co. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  The record contains credible evidence to support the commission's decision to award temporary partial disability beginning February 7, 1996 and continuing.  See Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

Accordingly, the judgment of the commission is affirmed.

Affirmed.