COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


R. S. JONES & ASSOCIATES, INC. AND
 MICHIGAN MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION*
v.    Record No. 2863-98-2           PER CURIAM
                                     JUNE 29, 1999
TIMMY D. DEAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (S. Vernon Priddy, III; Sands, Anderson,
            Marks & Miller, on briefs), for appellants.

            (Larry V. Roberts; Larry V. Roberts, P.C., on
            brief), for appellee.


     R. S. Jones & Associates, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission (commission) erred in finding that Timmy D. Dean

(claimant) proved that he sustained an injury by accident arising

out of and in the course of his employment on July 25, 1996.

Specifically, employer argues that the commission's decision

violated the doctrine set forth in Massie v. Firmstone, 134 Va.

450, 462, 114 S.E.2d 652, 656 (1922).[1]  Upon reviewing the record

---

*Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1]On appeal, employer makes no argument with respect to the
commission's specific findings that employer failed to prove
that the claim was barred by claimant's willful misconduct or
the violation of a known safety rule.  Accordingly, we will not
address those specific issues.

and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

On July 25, 1996, claimant was injured when he jumped from a moving truck he was driving while in the course of his employment. Claimant testified that while he was driving the truck with it in gear and hauling rock down a hill, the engine stopped running half-way down the hill.  Claimant stated that when this occurred, he had no steering and the brakes would not operate.  As a result, claimant stated that the truck's speed increased and he became scared because he could not steer the truck around an upcoming curve.  Consequently, he jumped from the truck out of the passenger door.  The back wheels of the truck ran over claimant, causing him to sustain severe injuries.  Claimant stated that "[e]verthing just happened so fast," and he was not sure whether he tried to activate the park switch.  He stated that he made a "split second decision" to jump from the truck.

Steven Chewning, employer's accident investigator, testified that according to employer's reports, the truck was found ten to twelve feet from the roadbed, out of gear.  In addition, there were no skid marks at the scene.  Employer found the truck to be

- 2 -

operating normally.  Chewning concluded "that the vehicle was out of gear as it started down the hill and that would have disabled the engine brake and there was not enough consideration of the material at the end of the road, and [claimant] elected to jump out of the vehicle."  Chewning rejected the theory that the accident was caused by the engine cutting off, because the driver would still have been able to use the brake system and there was no evidence of skid marks.

Employer's project manager, William Jones, testified that if the engine had cut off, as claimant testified, the driver would not even know it until he got to the bottom of the hill, because the brakes and steering would still work.  Jones stated that if the truck were shifted into neutral on the hill, the driver would lose control of it and the brakes would not work.  Shane Cope, a mechanic, confirmed that if the truck were in neutral "[n]othing will work," and the truck would pick up speed.

In awarding claimant benefits, the commission found as follows:

> The fact that the claimant may have exercised poor judgment or have been negligent is not a bar to recovery of worker's compensation benefits.  The scenario offered by the employer's expert is essentially that the claimant shifted the truck out of gear on a hill, which caused the claimant to lose control of the vehicle. He panicked, and jumped from the truck. According to the scenario presented by the claimant, the engine quit, causing him to panic and jump from the truck.  Like the

Deputy Commissioner, we find the former scenario more likely. Therefore, the claimant may have negligently taken the truck out of gear, or, as one of the claimant's witnesses testified, the gearshift on the truck may have popped out of gear. None of these scenarios would constitute willful misconduct. The claimant felt he was losing control of the truck, and believing that his life was in danger, he exercised poor judgment and jumped from the truck. We do not find it credible that the claimant intentionally caused his injuries in a premeditated plan to jump from a moving truck.

Findings of fact supported by credible evidence will not be disturbed on appeal. See Dep't of State Police v. Dean, 16 Va. App. 254, 257, 430 S.E.2d 550, 551 (1993). "As the factfinder [sic], the commission is charged with the responsibility of resolving questions of credibility and of controverted facts." Virginia Employment Commission v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd on reh'g en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989).

Employer argues that the commission's decision violated the doctrine enunciated in Massie, that a litigant can rise no higher than his own testimony. See Massie, 134 Va. at 462, 114 S.E.2d at 656. However, we find that the evidence supports the commission's finding that claimant's injury arose out of his employment. Claimant's testimony and account of how the accident occurred were consistent with his earlier accounts of how the accident occurred. The fact that claimant's account of

the accident may contain aspects which are not reasonable or plausible did not require the commission to reject the basic account of the accident which is supported by the evidence. Thus, although the claimant's explanation may not be plausible that the truck's engine stopped while it traveled down the hill in gear, nevertheless, the commission was not required to disbelieve that he was injured when he jumped from the moving truck while performing his work.  The commission did not err, as a matter of law, by crediting claimant's account that he jumped from the truck while it was moving, regardless of the reason. Massie does not require that every detail of a litigant's account of the subject event must be plausible or credible in order to support a compensable claim.  As long as the claimant's theory of the case is supported by credible evidence, then implausible or inconsistent evidence concerning facts that are not essential to a recovery do not fall within the Massie doctrine to defeat a claim.

Claimant's testimony simply described what he believed caused him to jump from the truck, thereby providing evidence to be considered by the commission in assessing the claim.  Under such circumstances, his testimony neither limited nor diminished other evidence in the record in support of the claim.

As fact finder, the commission was entitled to weigh all of the evidence and to infer that the accident more than likely

occurred because claimant shifted the truck out of gear on the hill or it popped out of gear, causing him to lose control of the truck.  The testimony of claimant and employer's witnesses provide credible evidence to support the commission's findings.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>