COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman


CJW MEDICAL CENTER AND
 ASSURANCE COMPANY OF AMERICA
                                    MEMORANDUM OPINION*
v.    Record No. 3246-02-1              PER CURIAM
                                        APRIL 8, 2003
JACQUELINE V. PAYNE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Lisa Frisina Clement; PennStuart, on brief),
          for appellants.

          (D. Scott Gordon, on brief), for appellee.


     CJW Medical Center and its insurer (hereinafter referred to

as "employer") contend the Workers' Compensation Commission

erred in reversing the deputy commissioner's credibility

determination and finding that Jacqueline V. Payne (claimant)

proved she sustained an injury by accident on November 15, 2001

arising out of and in the course of her employment.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant sustained her burden of proof, the commission found as follows:

> The medical records support the conclusion that the claimant's low back pain was caused by "her reported injury at work on November 15, 2001." In the history given by the claimant to Dr. [Richard M.] Conyers, she "reported" that she was injured when she was "bumped" or "shoved" by a fellow employee at approximately 5:30 p.m. on November 15, 2001. Although she also reported to Dr. Conyers that she felt more severe pain at 7:30 p.m. on November 15 when she bent over to pick up something, it is clear from the medical records that her pain merely grew worse at that time-it did not start when she bent down. Under the circumstances, we interpret Dr. Conyers' conclusion that the claimant's low back pain is "causally related to her reported injury at work on 11/15/01" as referring to the injury sustained at the time of the claimant's impact with Ms. Johnson, the pain that became more severe later in the evening.

> The conclusion that the claimant's low back pain was caused by the incident at 5:30 p.m. is further supported by the credible testimony given by the claimant at the hearing. She testified that she felt pain immediately upon impact with Ms. Johnson and that the pain continued and ultimately grew worse when she bent over approximately two hours later. Nor is Ms. Johnson's testimony inconsistent with the claimant's description of her injury. Although Ms. Johnson denies intentionally striking the claimant, she concedes it is possible that she could have accidentally hit the claimant with the linen she was carrying.

Claimant's testimony, coupled with Dr. Conyers' medical records and opinions, constitutes credible evidence to support the commission's finding that claimant proved she sustained an injury by accident arising out of and in the course of her employment on November 15, 2001. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Employer argues that the full commission failed to consider the credibility findings of the deputy commissioner in finding that claimant sustained her burden of proving that she suffered an injury by accident arising out of and in the course of her employment. Our review of the deputy commissioner's opinion shows that he did not make any specific credibility determination based upon the appearance and demeanor of the

- 3 -

witnesses or the content of the evidence.  Rather, he simply weighed the testimonial and medical evidence, and concluded that claimant failed to sustain her burden of proof by a preponderance of the evidence.  On review, the full commission was free to make different findings of fact than those made by the deputy commissioner.  See Virginia Dep't of State Police v. Dean, 16 Va. App. 254, 257, 430 S.E.2d 550, 551 (1993).

For these reasons, we affirm the commission's decision.

Affirmed.