COURT OF APPEALS OF VIRGINIA

Present:  Judges Chafin, Russell and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

CANADA DRY POTOMAC CORPORATION AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA
                                                              MEMORANDUM OPINION* BY
v.        Record No. 0309-18-2                        JUDGE JEAN HARRISON CLEMENTS
                                                                     OCTOBER 9, 2018
WILLIAM ANDERSON

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Sheryl A. Tirocchi (Godwin, Erlandson & Daney, LLC, on brief), for appellants.

Louis D. Snesil (Marks and Harrison, on brief), for appellee.

William Anderson (claimant) injured his back in 2008 while working for Canada Dry Potomac Corporation (employer).  The Commission awarded claimant lifetime medical benefits for "reasonable, necessary and authorized medical treatment causally related to [his] injury."  In this appeal, employer challenges the January 25, 2018 ruling of the Workers' Compensation Commission ordering employer to pay for claimant's medical treatment between October 23, 2013, and April 18, 2017, which employer contends was not medically necessary.  We affirm the Commission's ruling.

Under well-established principles, this Court construes the evidence in the record, and all reasonable inferences, in the light most favorable to the employer, as it prevailed below.  See Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006).  "Decisions of the commission as to questions of fact, if supported by credible evidence, are

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclusive and binding upon this Court." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)). "That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings." Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4, 526 S.E.2d 267, 268 (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204, 450 S.E.2d 167, 171 (1994)). Questions regarding "the causation, nature, and extent of disability" are issues of fact. United Airlines, Inc. v. Hayes, 58 Va. App. 220, 237, 708 S.E.2d 418, 426 (2011).

The evidence in this case established that claimant suffered a single level (L2) compression fracture of his back when he fell off a delivery truck in June 2008. Since January 2009, claimant has been treated by Dr. Charles Bonner. Claimant receives physical therapy twice a week and massage therapy once a week, and he sees Dr. Bonner about once a month. Claimant takes prescribed anti-inflammatory medications. Claimant's condition has improved since his injury, but he has never been completely pain free. Evidence in the record indicates that Dr. Bonner's treatments reduce claimant's pain.

Prior to the instant case, the Commission twice considered whether employer should continue to pay for the care claimant received from Dr. Bonner. In December 2011, a deputy commissioner determined that employer was not responsible for continuing treatment, but the full Commission reversed that ruling. In February 2014, the Commission again ruled that employer had failed to show that the physical therapy Dr. Bonner recommended was unnecessary or unreasonable.

In September 2016, claimant filed another claim for benefits, seeking authorization for ongoing medical care by Dr. Bonner and payment of past due bills owed to Bonner and for prescription medications. Employer responded that the treatment was not reasonable, necessary,

or causally related to the work injury. After a hearing on April 18, 2017, a deputy commissioner issued an opinion finding that employer was responsible for paying for care provided by Dr. Bonner from October 23, 2013, through the date of the hearing. The deputy commissioner further concluded that "claimant continues to require care for his work injury" but declined to "pre-authorize any future visits in this matter." The full Commission affirmed that decision on January 25, 2018.

Employer argues that the Commission erred in finding that employer was responsible for paying for treatment Dr. Bonner had provided. Employer relies on the opinions of doctors who examined claimant at employer's request and concluded that claimant did not need to continue treatment with Dr. Bonner and could perform his physical therapy exercises in his own home or at a gym. Employer also contends that the Commission's determination that claimant had a "mental deficit" that necessitated his receiving treatment under Dr. Bonner's direction, rather than doing the same activities independently, was not based on credible evidence.

"[T]he employer is financially responsible for the medical attention which an attending physician deems necessary, subject to review by the Commission." Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525 (1985). An injured employee is entitled to lifetime necessary medical care to alleviate painful symptoms resulting from his work injury, even if the care is palliative and brings only temporary relief. See H.J. Holz & Son, Inc. v. Dumas-Thayer, 37 Va. App. 645, 655, 561 S.E.2d 6, 11 (2002). Medical bills received by the claimant are *prima facie* evidence that they are both reasonable and necessary. See Walters v. Littleton, 223 Va. 446, 452, 290 S.E.2d 839, 842 (1982). Whether medical attention is necessary is for the attending physician or the Commission to determine, not the employer. Code § 65.2-603. Thus, when the treating physician has prescribed specific medical treatment, the burden of proof shifts to the employer to show the medical treatment is unreasonable or unnecessary. See Suyo v.

Fairfax Cty. Pub. Sch., JCN VA00000341533, 2013 VA Wrk. Comp. LEXIS 1785 (Va. Wrk. Comp. July 9, 2013); Sheffer v. Flint Ink Corp., VWC No. 209-31-73, 2006 VA Wrk. Comp. LEXIS 1860 (Va. Wrk. Comp. Aug. 14, 2006). We agree with the Commission that employer failed to meet its burden.

At the time of the deputy commissioner's hearing in 2017, claimant was fifty-four years old and had always lived with his mother, who assisted him with his daily activities. Dr. Bonner had been claimant's treating physician since 2009. Dr. Bonner observed in May 2015 that physical therapy appeared to be an effective treatment for claimant, but that claimant "requires supervision during his exercise program as he is not capable of being independent." The doctor further said that claimant's attempts at aquatic therapy and a gym membership had not been successful. Dr. Bonner's opinion conflicted with the opinion of an orthopedic surgeon, Dr. John Aldridge, who had examined claimant in December 2014, at employer's request. Dr. Aldridge believed that claimant had reached his maximum medical improvement and did not need to continue formal physical therapy or massage.

In September 2016, Dr. Bonner again said that "medically supervised therapy is required," disagreeing with the report of Dr. Donald Hope, a neurosurgeon who had evaluated claimant at employer's request in May 2016. Dr. Hope had concluded that claimant had received "extraordinary amounts of treatment" that were no longer necessary. In Dr. Hope's opinion, claimant was magnifying his symptoms and was "absolutely" capable of independently performing the same exercises he did under Dr. Bonner's direction. Dr. Hope noted, however, that claimant was "slow to answer questions."

In January and February of 2017, Dr. Bonner noted that claimant was being treated for "chronic back pain" with "a comprehensive exercise program." The doctor stated that claimant's "mental status prevents" his being transferred to an independent exercise program because he

- 4 -

could not perform such a program. Dr. Bonner further said that claimant's supervised "exercise program allows him to be active in the community" and "allows him to manage his pain without the use of habituating opioids."

Employer argues that the Commission erred in accepting Dr. Bonner's opinion in place of the opinions of Dr. Hope and Dr. Aldridge because Dr. Bonner's view of claimant's need for treatment was subjective and conclusory. "[M]edical evidence is . . . subject to the commission's consideration and weighing." Blue Ridge Mkt. of Va. v. Patton, 39 Va. App. 592, 600, 575 S.E.2d 574, 578 (2003). "The opinion of the treating physician is entitled to great weight," even though the Commission is not bound to accept it. Hayes, 58 Va. App. at 238, 708 S.E.2d at 427. If the opinion "conflict[s] with other medical evidence, the Commission is free to adopt that view 'which is most consistent with reason and justice.'" Id. (quoting Georgia-Pacific, 32 Va. App. at 5, 526 S.E.2d at 269). Thus, the Commission was entitled to give greater weight to Dr. Bonner's opinion than to the opinions of Dr. Hope and Dr. Aldridge. See Georgia-Pacific, 32 Va. App. at 5-6, 526 S.E.2d at 269 ("A greater number of medical opinions does not necessarily constitute a preponderance of the evidence." (quoting Island Creek Coal Co. v. Honaker, 9 Va. App. 336, 339, 388 S.E.2d 271, 273 (1990))).

This Court does "not re-weigh the preponderance of [conflicting medical] evidence after the commission has done so." Id. at 9, 526 S.E.2d at 270. Rather, we determine only whether credible evidence in the record supports the findings of the Commission. See id. Dr. Bonner's evidence established that the physical therapy and massage treatment he provided to claimant to manage his pain was reasonable, necessary, and causally related to his work injury.

The record also contains sufficient evidence to support the Commission's finding that claimant had "some deficit in his mental status" that prevented him from successfully maintaining an independent exercise program. Echoing the observation Dr. Hope had made

- 5 -

during his examination of claimant, the deputy commissioner noted at the hearing that claimant was "slow to answer." Even though claimant said he sometimes started his exercises on his own if his therapist was working with another patient, Dr. Bonner, based on his many years as claimant's treating physician, determined that claimant was not capable of performing physical therapy exercises in an independent setting. Neither aquatic therapy nor a gym membership for claimant had been successful.

Because the record supports the Commission's finding that employer was responsible for paying for prescription medications and care Dr. Bonner provided to claimant from October 23, 2014 through April 18, 2017, we affirm the Commission's ruling.

<u>Affirmed.</u>