COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


W.C. HALL GENERAL HAULING
 TRUCKING, INC. AND LEGION
 INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                           PER CURIAM
v.   Record No. 0513-97-4              JULY 8, 1997

EDWARD BUTLER BLAINE


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (M. Lynn McHale; Siciliano, Ellis, Dyer &
             Boccarosse, on brief), for appellants.

             (Lawrence J. Pascal; Ashcraft & Gerel, on
             brief), for appellee.


     W.C. Hall General Hauling Trucking and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission (commission) erred in

finding that Edward Butler Blaine (claimant) proved that he made

a good faith effort to market his residual work capacity between

December 12, 1995 and April 4, 1996.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     The standard of review applicable to this case is as

follows:

             This appeal does not present a case of
             conflicting evidence or a dispute concerning
             the commission's findings of fact.  When the
             issue is the sufficiency of the evidence and

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

there is no conflict in the evidence, the issue is purely a question of law. This Court is not bound by the legal determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached."

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965) (citations omitted)), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

In ruling that claimant proved he made a good faith effort to market his residual capacity between December 12, 1995 and April 4, 1996, the commission recited the following facts:

The claimant has worked as a truck driver for over thirty years. He has an eighth grade education. He served in the army and was honorably discharged in 1962. After he was injured, he returned to work for his pre-injury employer. When that company dissolved he found two other jobs on his own initiative. His medical restrictions include no lifting over thirty-five pounds and no repetitive bending.

After he was laid off from Mid-Atlantic in December, 1995, he began looking for work. He registered with the Virginia Employment Commission. He contacted the Department of Rehabilitation seeking vocational retraining assistance. He submitted a list of nineteen companies at which he applied for work and stated that he contacted seven to nine employers additionally. He also called companies listed in a book of trucking companies, using an 800 number. He looked in newspaper ads and spoke with friends. He received initial interest from Alliance, a tractor-trailer training school, but was rejected because of insufficient education after four visits to them. At Rappahannock Auto, business was too slow to hire him. Some companies request a 100% medical release before he could be hired.

The claimant was successful in finding

2

employment on April 4, 1996, and he is currently employed as a driver for an automobile repossessor. Even after he obtained work, he continued to look for a better job.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

(1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).

The commission's factual findings are supported by the record. Based upon these findings, which take into account the factors set forth in National Linen, we cannot find as a matter of law that the commission erred in concluding that claimant proved he made good faith reasonable efforts to market his

3

residual capacity.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>